[Crim. No. 8797. Fourth Dist., Div. One. Aug. 8, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
ARLEN HENRY WALKER et al., Defendants and Appellants.

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Barry D. Utsinger, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Harley

D. Mayfield and Beatrice W. Kemp, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—Arlen Henry Walker and Andre Enos Walker appeal the judgments after a jury found each of them had committed four robberies (Pen. Code, § 211); each was found to have been armed with a firearm during two of the robberies. Arlen received two consecutive sentences; Andre, concurrent sentences.

Andre and an associate robbed four different 7-11 stores on four different occasions. Arlen drove the car.

After they were arrested, first Arlen and then Andre confessed. Both argue the trial court erred in ruling on the voluntariness of their confessions by failing to state what standard of proof it was using. While the case was pending the California Supreme Court held that voluntariness of confessions should be judged by the standard of proof beyond a reasonable doubt (*People v. Jiminez,* 21 Cal.3d 595 [147 Cal.Rptr. 172, 580 P.2d 672]).  ▮  With regard to pending cases, where the record is silent as to the standard used, the appellate court should review the record as a whole and determine whether there was a reasonable probability that a result more favorable to the defendant would have been reached had there been no error (*People v. Jiminez, supra,* 21 Cal.3d 595, 609; *People v. Watson,* 46 Cal.2d 818, 837 [299 P.2d 243]).

Here there was conflicting testimony on the question of voluntariness. The officers testified that after giving the *Miranda* warning and getting the defendants' consent, Arlen and Andre had confessed voluntarily and no threats or promises had been made to either of them. The defendants said the officers had threatened them and it was the officers' threats which had induced them to confess. The trial court believed the officers, not the defendants. The court's finding on voluntariness depended completely on which witnesses it believed; the testimony of the witnesses the court believed was the bare statement there had been no threats or promises. Thus, there is no probability the confessions would have been found involuntary if the court had used the beyond a reasonable doubt standard rather than the preponderance of the evidence standard. The court's finding on voluntariness must be sustained.

■ Arlen argues that the trial court erred in sentencing him because it did not state any reasons for imposing consecutive sentences. Penal Code section 1170, subdivision (c), provides: "The court shall state the reasons for its sentence choice on the record at the time of sentencing. . . ." The parties disagree on whether the selection of consecutive rather than concurrent sentences is a "sentence choice." California Rules of Court rule 405(f) states: " 'Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence."

The imposition of consecutive terms is in a sense the converse of suspending a sentence. The reasons a sentence is suspended must be stated on the record and the imposition of consecutive sentences should be treated in the same way. One of the objectives of the new sentencing law is uniformity of sentences (Pen. Code, § 1170, subd. (a)(1); California Rules of Court, rule 410(g)). In order to assess whether judges are imposing like sentences in like situations (Pen. Code, § 1170.4), it is necessary for them to state on the record why a certain sentence has been selected (Pen. Code, §§ 1170, subd. (c), 1170.3; California Rules of Court, rules 443, 425, 433). As part of this ongoing review of sentencing practices it is necessary for the court to state for the record why consecutive sentencing is warranted.

Here there is nothing in the record to show why the sentence choice of consecutive terms was selected. Arlen's case must be remanded for resentencing.

As to Andre, the judgment is affirmed. As to Arlen, the judgment is reversed solely for resentencing in harmony with this opinion; in all other respects the judgment is affirmed.

Staniforth, J., and Welsh, J.,* concurred.

Appellants' petition for a hearing by the Supreme Court was denied October 4, 1978.

---

*Assigned by the Chairperson of the Judicial Council.