[Crim. Nos. 4827, 5209. Fifth Dist. June 22, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
PHILLIP FRANK PEARSON, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, Mark E. Cutler, Chief Assistant State Public Defender, and Augustus E. Noland, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, James T. McNally and Susan Rankin Bunting, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**BROWN (G. A.) P. J.**—The instant case involves consolidated appeals from Stanislaus County Superior Court action Nos. 159848 and 164078.

By the express terms of each notice of appeal, each appeal raises sentencing error and neither appeal challenges the validity of appellant's "guilty plea."[1]

In action No. 159848, on August 13, 1979, appellant was convicted on his guilty plea of a violation of Penal Code section 476a, issuing

---

[1]Action No. 159848 involved an admission of probation violation.

check with insufficient funds. On September 7, 1979, appellant was admitted to three years felony probation, one condition of which was a nine-month term of local incarceration. On November 28, 1979, appellant admitted a violation of his probation, in that he had escaped on September 13, 1979, from the Stanislaus County jail and thereafter failed to contact the probation officer. This escape became the basis of action No. 164078. In action No. 159848, on December 17, 1979, the trial court sentenced appellant to the two-year, middle base prison term.

In action No. 164078, on November 26, 1979, appellant pled guilty in municipal court to a violation of Penal Code section 4532, subdivision (b), escape from county jail. It was stipulated that no force was involved. Appellant was certified to superior court. On December 18, 1979, the trial court sentenced appellant to an eight-month prison term, to run consecutive to the term imposed in action No. 159848.

Appellant now contends that resentencing is required in action No. 164078 because, based on its erroneous belief that a consecutive term was required, the trial court failed to state reasons for imposing a consecutive term. Alternatively, appellant contends that both judgments must be reversed and his admission of probation violation and guilty plea, respectively, be set aside. Analysis of appellant's contentions requires a more detailed procedural summary.

## The November 26, 1979, Change of Plea

As noted, on November 26, 1979, appellant pled guilty in municipal court to a September 13, 1979, nonforcible escape from county custody after his Penal Code section 476a conviction in action No. 159848. Appellant's counsel remarked that "The D. A. has stated that they will submit on the probation report" and that appellant "has asked that the Court set this for sentencing in the Superior Court as quickly as possible."

In the course of the guilty plea proceedings, the magistrate informed appellant that nonforcible escape was punishable by a state prison term of sixteen months, two or three years. In answer to the magistrate's query, appellant's trial counsel stated that she had informed appellant that if he "were sentenced to state prison on this case as well as the 476(a) [sic]," "it could run consecutive and it could run concurrent." The magistrate confirmed that this was appellant's understanding.

As noted above, the matter was certified to superior court, an RPO was ordered, and sentencing was scheduled for December 17, 1979.

THE NOVEMBER 28, 1979, PROBATION VIOLATION PROCEEDINGS

On November 15, 1979, appellant appeared in superior court for a hearing on a supplemental RPO of even date in action No. 159848. The RPO stated that appellant had violated his probation by his September 13, 1979, escape and his failure thereafter to contact the probation office. On November 15, appellant was advised of his rights in the probation violation proceeding, counsel was appointed, and the matter was continued to November 28, 1979.

On November 28, 1979, appellant appeared with counsel. Appellant's trial counsel noted that appellant's escape charge was pending and asked whether the matter could be continued to December 17, 1979. Appellant remarked that he wanted "to get the whole thing concluded so I can get up to Vacaville before Christmas."

The trial court readvised appellant of his right to deny and have a hearing on the alleged probation violation. The trial court observed "that might be an exercise in futility in this case because apparently the basis for the violation of probation is the very case for which you are about to be sentenced, the escape." The trial court fully advised appellant of his hearing rights which he retained "nonetheless" and which an admission of violation would waive.

After appellant stated that he understood these rights, his trial counsel informed the trial court that appellant was prepared to admit the alleged violation. Appellant then admitted the violation, the trial court revoked probation, and the matter was set for December 17, 1979, the trial court confirming appellant's remark that "the whole thing will be taken care of that day."

THE DECEMBER 17 AND 18, 1979, SENTENCING HEARINGS

On December 17, 1979, appellant appeared with counsel on the certification (now action No. 164078) and the probation violation. As to the certification, the trial court noted that appellant's counsel—a different member of the public defender's office than appellant's counsel in municipal court—and the magistrate had misadvised appellant that his escape sentence might run concurrently with that imposed for the pro-

bation violation, because in fact the law required a consecutive sentence. When appellant said that this would have made a difference at the time he pled guilty, the trial court stated that it would reject the certification and remand for further proceedings in municipal court.

The trial court then asked appellant's trial counsel whether he was prepared to proceed in action No. 159848. After talking with appellant, counsel said that he was prepared to proceed, but that, "In regard to the probation matter, I prefer that that be put over where we can clear up the underlying escape charge since that's the basis for the violation." Counsel added that appellant "wants to proceed this morning on the whole matter," which counsel did not think was in his best interest.

The deputy district attorney objected to "putting over" the sentencing on the probation violation. The trial court stated that it did not "believe that there were any promises made to induce [appellant] to admit the violation here concerning that other case." Appellant's counsel replied that his client wanted to proceed on both matters. Appellant agreed to proceed, despite the trial court's repeated willingness to remand the certification to municipal court because of appellant's misapprehension when he pled guilty.

The trial court noted that it had the supplemental RPO and asked the deputy district attorney for comment or recommendation. The deputy district attorney replied "we recommend that the Defendant be sentenced to State Prison. We don't really have any further recommendation. It is our understanding the section requires a consecutive sentence." Appellant's trial counsel asked that his client receive probation, based on a note from another inmate which suggested "a rather imperfect defense of necessity."

The trial court sentenced appellant to prison for two years with eight days' credit.[2] The trial court then turned to action No. 164078 and again elicited appellant's wish "to waive any irregularity" in the guilty plea proceedings and be sentenced forthwith. The trial court noted that it had reviewed the RPO. The deputy district attorney stated "We recommend that he be sentenced to State Prison for the median term." Appellant's trial counsel asked the trial court to disregard certain entries in the RPO. The trial court agreed.

---

[2]The trial court stated no reasons for this sentence choice. However, appellant has not urged this as error, nor sought resentencing in action No. 159848.

The trial court found appellant was not a suitable probationary candidate because he had "violated the terms of his probation previously, not only in this county, but elsewhere," the latter a reference to appellant's admission to felony probation in San Joaquin County on July 6, 1979. The trial court sentenced appellant to a two-year consecutive term.

Appellant's trial counsel argued that the consecutive term should be eight months, the deputy district attorney agreed with the trial court that a full two years was correct, and the sentence was withdrawn and the matter continued to the next day for further research. The next day, the trial court agreed with the defense position and imposed an eight-month consecutive sentence.

## FAILURE TO STATE REASONS FOR CONSECUTIVE SENTENCES

■ Appellant contends that the trial court was under a misapprehension that a consecutive sentence was statutorily required, that no discretion existed to impose a concurrent term, and that therefore the trial court both failed to exercise its discretion and to state reasons for imposing a consecutive term. Appellant argues that the trial court could have avoided a consecutive sentence by giving appellant a 12-month concurrent sentence to county jail.[3]

The question which appellant has tendered is whether Penal Code section 4532, subdivision (b), permits a concurrent sentence to county jail for nonforcible escape. On this issue, the parties diverge.

Penal Code section 4532, subdivision (b), provides: "(b) Every prisoner arrested and booked for, charged with, or convicted of a felony who is confined in any county or city jail or prison or industrial farm or industrial road camp or who is engaged on any county road or other county work or who is in the lawful custody of any officer or person, or who is confined pursuant to Section 4011.9, who escapes or attempts to escape from such county or city jail, prison, industrial farm or industrial road camp or from the custody of the officer or person in charge of him while engaged on or going to or returning from such county work

---

[3]Appellant also suggests that the trial court could have imposed a 12-month *consecutive* county jail sentence and then suspended it as a condition of probation. However, the trial court exercised its discretion in denying probation, thus excluding this particular option. Appellant does not suggest that the trial court failed to consider probation or to state adequate reasons for denying it.

or from the custody of any officer or person in whose lawful custody he is, or from such confinement pursuant to Section 4011.9, is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years *to be served consecutively*, or in the county jail not exceeding one year; provided, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison for two, four, or six years to be served consecutively, or in the county jail not exceeding one year; *provided that when such second term of imprisonment is to be served in the county jail it shall commence from the time such prisoner would otherwise have been discharged from such jail.*" (Italics added.)

Appellant asserts that the last proviso, which in effect mandates a consecutive term, applies only to the preceding proviso as to forcible or violent escapes and not to *any* county jail term, whether the escape be forcible or nonforcible.

Appellant first notes that the Legislature could have inserted the word "consecutive" after the words "county jail" in stating the punishment for nonviolent escapes. However, since the Legislature made the same omission in the penultimate proviso as to forcible escapes, appellant's observation leaves us no closer to learning the intended scope of the ultimate proviso.

Appellant next argues that requiring a consecutive county jail term for nonforcible escapes "violates the statutory scheme providing for graduated punishment according to the seriousness of the offense (e.g., force)." Appellant reasons that if a consecutive sentence is mandatory, then "a non-violent escape by a felon would receive less time under a consecutive state prison sentence (eight months) than under the alternative misdemeanor sentence (12 months)."

Appellant is correct about the length of the respective terms (see *In re Eric J.* (1979) 25 Cal.3d 522, 537-538 [159 Cal.Rptr. 317, 601 P.2d 549]; *People v. Fowler* (1980) 109 Cal.App.3d 557, 567-568 [167 Cal. Rptr. 235]), but otherwise his argument is a non sequitur. The asserted "absurdity" does not arise from the mandatory requirement that any jail term be consecutive. The asserted disparity flows from the computation of the consecutive term and exists whether the term is mandatory or discretionary. It would occur every time a trial court decided to impose a consecutive jail term under Penal Code section 4532, subdivision (b).

Moreover, in *Eric J., supra*, 25 Cal.3d 522, the Supreme Court explained the apparent disparity which results in computing consecutive sentences for felonies differently from consecutive sentences for misdemeanors: "... the Legislature clearly indicated its intent that the aggregation provisions of Penal Code section 1170.1, which limit consecutive terms to one-third of the middle determinate term, apply only in imposing sentence for felonies .... The limitation of section 1170.1 reflects a legislative recognition that misdemeanor terms, unless imposed concurrently with a felony term, are served in local detention facilities and are not part of a continuous period of imprisonment under the supervision of the same correctional officials. The judge who orders that a misdemeanor term be served consecutively to a previously imposed felony term thus retains discretion as to the length of the misdemeanor term and the power to maintain supervision over the defendant through probation by suspension of execution of the term for an appropriate period. The latter option would in many cases be foreclosed were the term limited to one-third of the maximum term since no realistic sanction for violation of probation would be available." (*Id.*, at pp. 537-538.)

Appellant argues that his "interpretation conforms to the statutory scheme imposing greater punishment for forcible escape as opposed to non-violent escape." Appellant fails to account for the fact that the Legislature has provided a one-year alternative county jail term for both forcible and nonforcible escapes. Appellant also fails to explain why the Legislature would make the consecutive sentence for nonforcible escape mandatory if a prison sentence imposed yet discretionary if a jail term is chosen. Why treat forcible and nonforcible escapes the same in one context and differently in the other?

Finally, had the Legislature intended the result which appellant urges, there was no need for a separate proviso in Penal Code section 4532, subdivision (b), set off from the previous proviso by a semicolon. The Legislature could simply have stated: "... provided, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison for two, four, or six years to be served consecutively, or in the county jail not exceeding one year, such term to commence from the time such prisoner would otherwise have been discharged from such jail."

In sum, we hold that Penal Code section 4532, subdivision (b), mandates a consecutive term for nonforcible escapes, whether that term is

served in prison or local confinement. While a trial court ordinarily must state reasons for imposing a consecutive sentence (*People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66]), here the trial court properly recognized it had no choice and no further statement was required. (Cal. Rules of Court, rule 443.)

### MISADVISEMENT OF CONSEQUENCES OF GUILTY PLEA

■ Appellant contends that if the trial court was correct—as we have held—that Penal Code section 4532, subdivision (b), mandates a consecutive term for nonforcible escape, then his guilty plea should be set aside in action No. 164078 because the magistrate and his first trial counsel misadvised him of the consequences.

Respondent asserts that appellant's failure to procure a probable cause certificate (Pen. Code, § 1237.5) precludes this contention, since appellant now seeks to challenge the guilty plea proceedings. (*People* v. *Kaanehe* (1977) 19 Cal.3d 1, 8 [136 Cal.Rptr. 409, 559 P.2d 1028].)

Appellant argues that the probable cause certificate requirement should be excused because the trial court offered to set aside his guilty plea in action No. 164078 and this court ordered the trial court to file his belated notice of appeal in action No. 164078.

Appellant's argument is a variant on the old shell game and, optimistically, assumes that this court has judicial amnesia. Appellant's notice of appeal in action No. 159848 states that the appeal "does not challenge the validity of the plea." Appellant's original notice of appeal in action No. 164078 stated as the ground for appeal that appellant "was not properly informed of the consequences of his plea." The trial court refused to issue a probable cause certificate.

Thereafter, in habeas corpus proceeding 5 Crim. No. 5161, this court ordered the trial court to file a notice of appeal in action No. 164078 "limited to the sentence imposed." Appellant then filed a notice so limited, which expressly states that the appeal "does not challenge the validity of the plea." Appellant's attempt to now expand the scope of appeal borders on the contumacious.

Appellant's contention is not cognizable. If it were, we would hold that appellant waived any right to set aside the guilty plea by his rejection of the trial court's offer to remand the certification. We are

singularly unimpressed by appellant's assertion that the trial court coerced him to proceed by refusing to let him withdraw the admission of violation. Appellant's trial counsel never asked to withdraw the admission and did not dispute the trial court's statement that appellant had not been induced to admit the violation.

## Violation of Plea Bargain

Appellant also contends that his guilty plea and admission of probation violation should be set aside because the deputy district attorney violated the term of the plea bargain whereby the matter was to be submitted on the RPO. He complains that the district attorney argued against a continuance of the probation violation proceedings and advocated a consecutive term, which he wrongly asserted should be two full years, instead of eight months.

The plea bargain is set out above. The district attorney agreed to submit the question of sentence in action No. 164078 on the RPO. Nothing in this plea bargain required the district attorney to stand moot on the procedural question of whether sentencing in action No. 159848 should be continued.

Since a consecutive term was required in action No. 164078, the prosecutor's concurrence with the trial court's view that it was required caused appellant no conceivable prejudice. The prosecutor's assertion that the term should be two full years caused appellant no harm because the trial court ultimately agreed with appellant's trial counsel that only an eight-month term was required.

Appellant seems to suggest that the trial court somehow violated the plea bargain. We will not lengthen this opinion further by trying to imagine how.

The judgments are affirmed.

Hopper, J., and Evans (C. P.), J.,* concurred.

A petition for a rehearing was denied July 16, 1981, and the opinion was modified to read as printed above. Appellant's petition for a hearing by the Supreme Court was denied September 16, 1981. Bird, C. J., was of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.