[No. C001070. Third Dist. May 2, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
GILBERT WAYNE GULBRANDSEN, Defendant and Appellant.

**COUNSEL**

Houghton Gifford, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Jane N. Kirkland and Wanda Hill Rouzan, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

SPARKS, J.—This appeal involves a federal prisoner awaiting transfer who escaped without force from a county jail, promptly committed a burglary, and received two consecutive sentences for his criminal efforts. The case raises two sentencing issues. The first is whether, given the crimes committed, the imposition of a state term of imprisonment consecutive to a federal term constitutes a "sentence choice" requiring the recitation of reasons. We hold that it does. Under the circumstances of this case, we cannot conclude the failure to state reasons was harmless, so we must remand the case to the trial court.

The second issue is whether we should direct on remand that a new judge preside at resentencing. We conclude that mere sentencing error by the original judge does not justify such a direction and therefore decline to issue it in this case.

### FACTS AND PROCEDURAL HISTORY

Defendant was incarcerated in the Colusa County jail awaiting transportation to a federal prison where he was to commence serving a 20-year sentence for the federal offense of bank robbery. (18 U.S.C. § 2113.) On August 6, 1984, he escaped from jail without force or violence and then burglarized a residence. Apprehended and appropriately charged, he thereafter pled guilty to first degree burglary (Pen. Code, §§ 459, 460; all further statutory references are to that code) and nonforcible escape from county jail (§ 4532, subd. (b)). Defendant also admitted having served two prior separate prison terms. (§ 667.5, subd. (b).) He was sentenced to state prison for a total unstayed term of eight years, eight months—the upper term of six years for the principal offense of burglary, together with a consecutive subordinate term of eight months for the escape and one-year consecutive terms for each of the two prior prison-term-enhancements. This entire sentence was then ordered to run consecutive to the 20-year federal term.

On appeal, defendant contends that his case must be remanded for resentencing because the trial court failed to articulate reasons for running the state sentence consecutive to the federal term. He further contends that the remand must contain directions that the resentencing be scheduled before a different judge. The Attorney General responds no statement of reasons was required because the trial court did not make a sentence choice and in any event if there were any sentencing error it was harmless. For the reasons which follow, we reject the Attorney General's claims and remand the matter for resentencing, but not before a different judge.

DISCUSSION

I

The superior court's duty to justify its sentence choice by a statement of reasons is imposed both by statute and by the rules of court. Section 1170, subdivision (c) provides in relevant part: "The court shall state the reasons for its sentence choice on the record at the time of sentencing." Implementing that section, California Rules of Court, rule 443 directs: "Whenever the giving of reasons by the sentencing judge is required, the judge shall state in simple language the primary factor or factors that support the exercise of discretion or, when applicable, state that the judge has no discretion. The statement need not be in the language of these rules. It shall be delivered orally on the record." (All further references to rules are to the Cal. Rules of Court.)

These provisions require a statement of reasons whenever the sentencing judge makes what is called a "sentence choice." (*People* v. *Bejarano* (1981) 114 Cal.App.3d 693, 704-705 [173 Cal.Rptr. 71]; *People* v. *Walker* (1978) 83 Cal.App.3d 619, 622 [148 Cal.Rptr. 66].) " 'Sentence choice' means the selection of any disposition of the case which does not amount to a dismissal, acquittal, or grant of a new trial. It includes the granting of probation and the suspension of imposition or execution of a sentence." (Rule 405(f).) The terms "choice" and "selection" necessarily assume discretion exercised in the face of options and, as we shall see, do not encompass a mandatory sentence.

■ As a general rule, the selection between consecutive or concurrent sentences constitutes a discretionary sentence choice for which the trial court must state reasons on the record. (*In re Spears* (1984) 157 Cal.App.3d 1203, 1211 [204 Cal.Rptr. 333], and cases cited there.) But some penal statutes require that any state prison term imposed for their violation must run consecutively. Nonforcible escape in violation of section 4532, subdivision (b) is such a crime. Under the escape statute the term of imprisonment in the state prison for nonforcible escape is "to be served consecutively."[1]

---

[1] At the time of defendant's escape in 1984, section 4532, subdivision (b) read in pertinent part: "Every prisoner arrested and booked for, charged with, or convicted of a felony who is confined in any county or city jail or prison . . . who escapes or attempts to escape from such county or city jail, . . . is guilty of a felony and, if such escape or attempt to escape was not by force or violence, is punishable by imprisonment in the state prison for 16 months, or two or three years *to be served consecutively,* or in the county jail not exceeding one year; provided, that if such escape or attempt to escape is by force or violence, such person is guilty of a felony and is punishable by imprisonment in the state prison for two, four, or six years to be served consecutively, or in the county jail not exceeding one year; provided that when such second term of imprisonment is to be served in the county jail it shall commence from the

(Stats. 1982, ch. 628, § 1, p. 2631.) The same is also true of an enhancement. An enhancement, by definition, is "an additional term of imprisonment added to the base term." (Rule 405(c).) Once added to the base term, an enhancement becomes the functional equivalent of a consecutive sentence. An enhancement under section 667.5 follows this pattern. Subdivision (b) of that section directs, with a proviso not relevant here, that when the new offense is not a violent felony and "where the new offense is any felony for which a prison sentence is imposed, in addition and consecutive to any other prison terms therefor, the court shall impose a one-year term for each prior separate prison term served for any felony."

When a consecutive sentence or enhancement is mandatory there is no choice to be made and hence a statement of reasons justifying the selection of the compelled sentence is not required. (*People* v. *Vargas* (1985) 175 Cal.App.3d 271, 275-277 [220 Cal.Rptr. 720]; *People* v. *Reeder* (1984) 152 Cal.App.3d 900, 919, fn. 8 [200 Cal.Rptr. 479]; *People* v. *Pearson* (1981) 120 Cal.App.3d 782, 791 [175 Cal.Rptr. 43]; *People* v. *Stone* (1981) 117 Cal.App.3d 15, 20-21 [172 Cal.Rptr. 445]; *People* v. *Johnson* (1980) 104 Cal.App.3d 598, 611-612 [164 Cal.Rptr. 69]; *People* v. *Dixie* (1979) 98 Cal.App.3d 852, 857 [159 Cal.Rptr. 717].) In short, a mandatory sentence cannot in any sense be a sentence "choice." Consequently, neither the statute nor the rule required a statement of reasons for the imposition of the mandatory prior prison term enhancements and the mandatory consecutive sentence for the escape charge in this case.[2] Instead, since the sentence is

time such prisoner would otherwise have been discharged from such jail." (Stats. 1982, ch. 628, § 1, p. 2632, italics added.)

This statute was amended in 1985. The punishment for nonforcible escape remained the same: "imprisonment in the state prison for 16 months, or two or three years to be served consecutively, or in the county jail not exceeding one year." But the punishment for forcible escape was changed to provide that the crime "is punishable by imprisonment in the state prison for a full term of two, four, or six years to be consecutive to any other term of imprisonment, commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1 . . . ." (Stats. 1985, ch. 915, § 1, p. 2911.)

[2] Under section 1170.1, subdivision (h), "the court may strike the additional punishment for the enhancements provided in Sections 667.5, . . . if it determinates that there are circumstances in mitigation of the additional punishment and states on the record its reasons for striking the additional punishment." Under this statute it is the additional punishment which is stricken and not the enhancement itself. Thus rule 445 reminds the trial bench that the "sentencing judge should not strike an allegation that was charged and found under section 667.5, . . . If he finds that there are circumstances in mitigation, he may strike the additional term of imprisonment provided as an enhancement by the applicable section." If the court elects to exercise its discretion and strike the additional punishment set forth in section 667.5, that decision constitutes a sentence choice which requires a statement of reasons. (§ 1170.1, subd. (h). ) If, on the other hand, the sentencing court does not strike the additional term, the enhancement is mandatory and the court need not recite any reasons for its imposition. As we explained in *People* v. *Langevin* (1984) 155 Cal.App.3d 520 [202 Cal.Rptr. 234], if the sentencing court does not strike the additional punishment prescribed for the

mandatory, rather than citing the sentencing criteria for imposing a consecutive sentence (see rule 425), the sentencing judge need have stated only that he "has no discretion." (Rule 443.)

■ It is true that, independent of statutory or rule authority, the "courts . . . have the inherent power to require a statement of reasons as a judicially declared rule of criminal procedure." (*People v. Martin* (1986) 42 Cal.3d 437, 449 [229 Cal.Rptr. 131, 722 P.2d 905], citations & fn. omitted.) Such a "requirement of articulated reasons to support a given decision serves a number of interests: it is frequently essential to meaningful review; it acts as an inherent guard against careless decisions, insuring that the judge himself analyzes the problem and recognizes the grounds for his decision; and it aids in preserving public confidence in the decision-making process by helping to persuade the parties and the public that the decision-making is careful, reasoned and equitable." (*Id.,* at pp. 449-450.) As an example of a judicially declared rule of criminal procedure, the *Martin* court cited *People v. Belmontes* (1983) 34 Cal.3d 335, 348 [193 Cal.Rptr. 882, 667 P.2d 686], a case in which the high court imposed a requirement of a separate statement of reasons for sentencing sex offenders to fully consecutive subordinate sentences under section 667.6. (42 Cal.3d at p. 449, fn. 12.) ■ But none of the interests identified by the *Martin* court would be advanced by requiring the sentencing court to recite reasons justifying a consecutive sentence when there is no choice to be made. A simple declaration that the court has no sentencing discretion is all that is necessary.

Since the first degree burglary offense carried the "greatest term of imprisonment," the trial court was required to select it as the principal term. (§ 1170.1; cf. § 461, subd. 1 with § 4532, subd. (b).) Having correctly selected the principal term, the trial court was then required to run the escape sentence consecutive to the burglary offense. ■ As we have noted, the escape statute mandates that the term for that offense is "to be served consecutively."[3] (§ 4532, subd. (b).) Since there was no sentence choice to be

---

enhancement, "the court need not explain its rejection of the option to strike under the statute. [¶] Where the Legislature establishes a sentencing norm and requires the court explicitly to justify a departure therefrom, and the court sentences in conformity with the legislative standard, all that is required on the appellate record is a showing that the court was aware of its discretion to select an alternate disposition." (*Id.,* at p. 524, citations omitted.)

[3] But as we explained in *People v. Jackson* (1979) 91 Cal.App.3d 767, 770 [154 Cal.Rptr. 372], "Penal Code section, 4532, subdivision (b), obviously does not require imposition of a consecutive term in every case of commitment to state prison because such is theoretically and practically impossible. Violation of Penal Code section 4532, subdivision (b) does not require as an element an antecedent felony conviction. The crime is committed as well by one who has merely been arrested, booked for, or charged with a felony and confined in jail or committed to the lawful custody of an officer and who then escapes. Obviously, one never convicted of an antecedent felony may commit the crime of escape and be punished therefor. In such a case, imposition of a consecutive term would not be possible."

made in running the subordinate escape term and the prior prison term enhancements consecutive to the principal burglary term in this case, the sentencing court was not required to recite any reasons for imposing that consecutive term.

Nevertheless, although it need not have done so, the trial court did recite reasons for imposing a consecutive term for the escape offense and for failing to strike the punishment for the enhancements.[4] ■ The court, however, did not recite any reason for ordering the aggregate state sentence to run consecutively to the federal prison term. The question on appeal is whether it was required to do so. ■ The answer depends on whether the sentencing court had discretion to run the state term concurrent with the federal term or whether it was compelled to impose a consecutive sentence.

■ To resolve this question, we begin with the escape from county jail statute. The statute itself simply states that the term imposed for nonviolent escape is "to be served consecutively." (§ 4532, subd. (b).) It does not explicitly state whether the escape offense is to be served consecutive only to a California term or whether it should also be served consecutive to any other sentence, wherever imposed, including sister state sentences and federal sentences. But the 1985 amendment to the *violent* escape portion of the statute suggests that the Legislature intended a mandatory consecutive sentence for nonviolent escape should be applied only to other California sentences. As we noted in the margin (*ante,* fn. 1), the statute now directs that escape by force or violence is punishable by imprisonment in the state prison for a "full term of two, four, or six years *to be consecutive to any other term of imprisonment,* commencing from the time the person would otherwise have been released from imprisonment and the term shall not be subject to reduction pursuant to subdivision (a) of Section 1170.1 . . . ." (§ 4532, subd. (b) as amended by Stats. 1985, ch. 915, § 1, p. 2911, italics supplied.) The primary purpose of this amendment was to abrogate the holding in *People* v. *Jones* (1980) 110 Cal.App.3d 75 [167 Cal.Rptr. 571], that the punishment for forcible escape from county jail was subject to the one-third of the middle term limitation of section 1170.1, subdivision (a). (Sen. Com. on Judiciary, Analysis of Sen. Bill No. 610 (1985-1986 Reg. Sess.).) But in addition to removing this limitation, the Legislature also

---

[4]Following the criteria for consecutive sentences, the trial court found that the escape and burglary "were predominately independent of each other and their objectives were independent." (See rule 425(a)(1).) The court further found that the two crimes "were committed at different times and separate places, rather than being committed so closely in terms of time and place as to indicate a single period of aberrant behavior." (See Rule 425(a)(3).) The court also concluded the "interests of justice" did not warrant striking the punishment for the enhancements.

expressly mandated that the full term was to be consecutive to *any* other term of imprisonment. ■ Obviously the Legislature intended the addition of this phrase, which created a lack of parallelism with nonviolent escape, to have *some* meaning, otherwise the language would be a nullity—and we cannot ascribe such an action to the Legislature. (*Lungren* v. *Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) ■ The clear impact of this portion of the violent escape amendment is that the term be served consecutive to *any* other term of imprisonment, including federal and sister state terms.[5] Such harsh treatment is befitting those who endanger correctional personnel and add to the hazardous atmosphere of any place of confinement. Thus, under the amendment, a consecutive term for forcible escape from county jail is always a full term, while that for nonforcible escape remains subject to the one-third of the middle term limitation of section 1170.1. (See *People* v. *Mitchell* (1988) 199 Cal.App.3d 300, 304 [244 Cal.Rptr. 803].) As we shall see, this statutory distinction would be partially obliterated if the sentencing court were required to run the California term consecutive to a federal term. In contrast to the full-term consecutive penalty for forcible escape, the lone word "consecutively" used in connection with the sentence for the less culpable crime of nonviolent escape must refer to some lesser quantum of punishment. Thus, the statute cannot be read as implying that an aggregate California sentence must always run consecutive to all foreign terms. Although the statute requires mandatory consecutive sentences with respect to other California terms of imprisonment, nothing in connection with section 4532, subdivision (b) mandates the term for nonviolent escape also be served consecutively to the federal prison sentence of the defendant.[6]

---

[5] As a result of the amendment, the punishment for forcible escape from county jail now tracks that for forcible escape from state prison. The state prison statute, section 4530, subdivision (a) explicitly provides that the "second term of imprisonment of a person convicted under this subdivision shall commence from the time he would otherwise have been discharged from prison." In contrast, the term for nonforcible escape from state prison, like that for nonforcible escape from county jail, is simply "to be served consecutively." (§ 4530, subd. (b).) However, section 1170.1, subdivision (c) goes on to provide in pertinent part that "[i]n the case of any person convicted of one or more felonies committed while the person is confined in a state prison, or is subject to reimprisonment for escape from such custody and the law either requires the terms to be served consecutively or the court imposes consecutive terms, the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison."

[6] It is true that the Legislature intended, by its direction to have their terms served consecutively, to punish both violent and nonviolent escapees more harshly than ordinary offenders. But that intent is reflected in the context of the California penal scheme and its attendant ranges of punishments. The system of punishment employed by sister states, the federal government, and foreign countries may bear no similarity to our own. The argument that the California Legislature intended, in all cases like this one, to compel sentences to be served consecutive to such diverse penal systems, conceivably harsher than our own, is hardly a compelling one. Indeed, as we shall explain, the decision to run a California sentence consec-

■ Since there is nothing about section 4532, subdivision (b) itself which would mandate a sentence consecutive to the federal term, we may now consider both the escape and the burglary in light of other statutes in order to determine whether a sentencing judge, when judgment is subsequent to that of a different jurisdiction, indeed has discretion to run the California term either concurrent or consecutive with respect to the foreign term. Various provisions lead us to that conclusion. For example, section 669 provides in part: "When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively." ■ It is settled that the "different proceedings or courts" language of section 669 includes prosecutions in non-California courts and thus authorizes a California judge to direct which relationship should exist between a California prison term and any prior unexpired sentence imposed by a court of the United States or of another state or territory. (*In re Stoliker* (1957) 49 Cal.2d 75, 77-78 [315 P.2d 12]; *People* v. *Veasey* (1979) 98 Cal.App.3d 779, 787 [159 Cal.Rptr. 755]; *People* v. *Seaman* (1978) 86 Cal.App.3d 815, 816 [150 Cal.Rptr. 430]; *In re Helpman* (1968) 267 Cal.App.2d 307, 310, fn. 3 [72 Cal.Rptr. 753]; *In re Altstatt* (1964) 227 Cal.App.2d 305, 307 [38 Cal.Rptr. 616].)[7]

■ Section 2900, subdivision (b)(2) also expressly recognizes that a California sentence may be made to run concurrently or consecutively with respect to a sentence in another jurisdiction. That subdivision provides that when a defendant is a prisoner of another jurisdiction, has not completed his foreign term and is sentenced to a California term, "and the judge of the California court orders that the California sentence shall run concurrently with the sentence which such person is already serving," then the defendant is to be made available to the other jurisdiction so that his term may be served concurrently. (See *Seaman, supra,* 86 Cal.App.3d at p. 816; *In re Portwood* (1965) 236 Cal.App.2d 321, 323 [45 Cal.Rptr. 862].)

---

utive to a federal term is far more onerous than as a consecutive sentence to another California term.

[7] An exception to the court's discretion previously existed in cases in which the unexpired term was an express life sentence. Section 669 formerly provided that all prior or subsequent prison terms merged into, and ran concurrently with, an express life sentence. (Stats. 1943, ch. 219, § 1, p. 1122.) The Supreme Court held that the merger-concurrent rule also applied where the prior life term was imposed in the courts of another jurisdiction. (*People* v. *Fain* (1983) 34 Cal.3d 350, 355-356 [193 Cal.Rptr. 890, 667 P.2d 694]; *People* v. *Sewell* (1978) 20 Cal.3d 639, 645 [143 Cal.Rptr. 879, 574 P.2d 1231].) Accordingly, in that circumstance, the court had no discretion to order consecutive sentences. Section 669 was amended in 1978, and now permits consecutive sentencing even where one term is an express life term for crimes committed after January 1, 1979. (Stats. 1978, ch. 579, §§ 28, 48, pp. 1987, 1998.)

Finally, rule 451(b) recognizes as well that a California court may decide upon concurrent or consecutive sentencing when there is a prior uncompleted term from another jurisdiction. That rule provides: "When a defendant is sentenced under section 1170 and the sentence is to run consecutively to a sentence imposed by a court of the United States or of another state or territory, the judgment shall specify the determinate term imposed under section 1170 computed without reference to the sentence imposed by the other jurisdiction, shall order that the determinate term shall be served commencing upon the completion of the sentence imposed by the other jurisdiction, and shall identify the other jurisdiction and the proceedings in which the other sentence was imposed." The phraseology "[w]hen a defendant is sentenced under section 1170 and the sentence is to run consecutively to a sentence imposed by a court of the United States or of another state or territory" implies that in at least some cases the court may choose to impose a concurrent sentence rather than a consecutive one.

In short, given our statutory and regulatory scheme, the trial court has discretion to make a California term run concurrent to a federal term in all cases except where the Legislature has expressly provided that the sentence must commence from the time the offender would otherwise have been released from prison. Since the crime of nonforcible escape from county jail has no such requirement, the decision to run the California term consecutive to the federal term in this case was a discretionary one and hence a sentence choice requiring a statement of reasons.

In rebuttal, the Attorney General argues that since the term for escape was required to be consecutive to the burglary term, then under rule 451(b) defendant's "whole determinate sentence necessarily becomes a consecutive sentence [to the federal term] when any part of the aggregate must be imposed consecutively." Under the Attorney General's theory, if the punishment for any California crime is required to be served consecutively, then the entire state term must, in all cases, be consecutive to any prior federal term. This would be true only if the Legislature had directed that the consecutive term must commence when the prisoner would otherwise be released. As this is not the case here, the Attorney General's construction begs the question and conflicts with the statutory duty of the trial court to "direct whether the terms of imprisonment or any of them to which [an offender] is sentenced shall run concurrently or consecutively." (§ 669.) We therefore reject that construction and reaffirm that a California court has discretion, in cases like this where full consecutive terms are not explicitly mandated, to choose either a consecutive or a concurrent relationship between a California prison term and a federal term. Since the trial court has that discretion, it follows that its

exercise constitutes a sentence choice for which reasons must be stated on the record.

The Attorney General's fall-back position is that if reasons were required for running the state sentence consecutive to the federal term, then the trial court's failure to do so was harmless error. This is so, he argues, because the court gave reasons for making the escape term consecutive to the sentence imposed for the burglary and those same reasons could have been used to support running the state term consecutive to the federal term.

Once again we disagree. Although the court gave superfluous reasons why the escape offense should run consecutive to the burglary, it did not justify imposing the onerous sentence of running the California term consecutive to the 20-year federal term. ▉ We have already alluded to the reviewing court's inherent power to require a statement of reasons in cases where it serves the interests of justice and appellate review. ▉ In the circumstances of this appeal, imposing a consecutive sentence to a federal term presents such a case. The present situation is not unlike that in *Belmontes, supra,* 34 Cal.3d 335. There the high court was faced with a record which failed to show that the trial court was aware that it had a choice in sentencing for violent sex offenses under the less severe provisions of Penal Code section 1170.1 rather than the more harsh mandates of Penal Code section 667.6, subdivision (c). The court held that the decision to sentence under the full-term provisions of section 667.6, subdivision (c) was a sentence choice which required a statement of reasons separate from those justifying the decision merely to sentence consecutively. "The crucial factor, in our view, is that the record reflect recognition on the part of the trial court that it is making a separate and additional choice in sentencing under section 667.6, subdivision (c)." (*Id.,* at p. 348.) Here, the record is unclear whether the trial court was aware that it had a choice to run defendant's state term consecutive to his federal term.

To be sure, it has been held that although the decision to impose a consecutive sentence requires a statement of reasons, "the trial court need not separately state its reasons for each consecutive term." (*People* v. *Bejarano, supra,* 114 Cal.App.3d at p. 705.) According to this line of authority, the court must give reasons for imposing consecutive sentencing but need not repeat the reasons for each consecutive term. (*Ibid.*; see also *People* v. *Smith* (1984) 155 Cal.App.3d 539, 545 [202 Cal.Rptr. 259].) Where there is a prior, uncompleted term in another jurisdiction this does not create a problem either where the court sentences the defendant on only one California offense, or where it has established a concurrent relationship among multiple California offenses. In those cases, the reasons for consecutive sentencing can relate only to the decision to make the California term

consecutive to the foreign term. The problem arises when, as here, the defendant is sentenced to consecutive terms on his California offenses and that sentence is then also made to run consecutive to a sentence in a foreign jurisdiction. In this situation the *Belmontes* approach is best suited to guard against inadvertent consequences and to ensure meaningful review.

There are at least two reasons for adopting the *Belmontes* requirement of separate reasons when a California consecutive term is ordered to run consecutive to a federal term. First, there is often confusion over whether consecutive sentencing is permitted in multiple jurisdiction cases and, if so, whether it is mandatory or discretionary. For example, in this case the Attorney General argues that consecutive sentencing was mandatory. In *Veasey, supra,* 98 Cal.App.3d at page 788, he argued that consecutive sentences were prohibited. As it turned out, he was wrong both times, but this illustrates that there is often confusion about the sentencing court's discretion. In order to guarantee that the court understood the extent of its discretion, the record must reflect a recognition of that discretion. (*Belmontes, supra,* 34 Cal.3d at p. 348.) A separate statement of reasons for running the state sentence consecutively to the federal term will provide that guaranty.

The second and more compelling reason for adopting the *Belmontes* approach is the substantially different decision involved in running a California determinate sentence consecutively to a federal term as opposed to concurrently, or even as opposed to establishing a consecutive relationship among California offenses. The decision affects where the defendant must spend at least part of his incarceration. (§ 2900, subds. (b)(2) & (b)(3).) Moreover, such a consecutive state term, once calculated, is no longer a subordinate term subject to any further one-third of the middle term limitation of section 1170.1, subdivision (a), but then becomes fully consecutive to the federal term. Under rule 451(b), when the California "sentence is to run consecutively to a sentence imposed by a court of the United States or of another state or territory," then the California "determinate term shall be served commencing upon the completion of the sentence imposed by the other jurisdiction." The *Veasey* court explained: "The point is that defendant's consecutive sentence cannot be compared to a consecutive sentence imposed entirely for state offenses because the federal sentence is fundamentally different in nature from that of the state." (98 Cal.App.3d at p. 791.) It is different because "defendant's federal sentence is essentially an indeterminate one." (*Ibid.*) Since the decisions are fundamentally different, it follows that separate reasons should be given when the state sentence is to ordered to run consecutively to a federal term.

This is not to say that the sentencing court must give *different* reasons for imposing consecutive state terms and for running the aggregate state term

consecutively to an unfinished federal sentence. (Cf. *Belmontes, supra,* 34 Cal.3d at p. 348.) All that is necessary is that the record show that the sentencing court understood that the decision is separate and additional to the decision to impose consecutive sentences on the California offenses. Because the record in this case does not contain such a showing, the case must be remanded for resentencing.

## II

We turn now to defendant's final argument. ▉ Relying on *People* v. *Williams* (1986) 180 Cal.App.3d 57 [225 Cal.Rptr. 498], he contends that resentencing must occur before a different judge. The *Williams* court directed that the cause be "remanded for resentencing conformable to the views expressed herein before a judge other than [the original sentencing judge]." (*Id.,* at pp. 64-65.) Although the court did not specify why a different judge should preside at defendant's resentencing, it is fairly inferable from the record that the reason was due to the trial court's numerous sentencing errors which suggested that the court may have been unaware of the most fundamental statutory and case law requirements regarding sentencing. *Williams* relied upon *People* v. *Swanson* (1983) 140 Cal.App.3d 571 [189 Cal.Rptr. 547], where a similar remand procedure was adopted. In *Swanson* the appellate court concluded that "the record raises the distinct possibility the judge based his sentence choice on his subjective belief about the length of sentence he wanted to impose . . . ." Consequently, "to avoid the appearance of unfairness to appellant, we have decided to order resentencing by a different judge." (*Id.,* at p. 574.)

Defendant tenders three reasons for removing the sentencing judge in this case. First, he asserts that the trial court impermissibly advanced reasons relating to his character rather than his acts when it determined his sentence. This, he claims, may reasonably be interpreted as subjectivity and hence, under *Swanson,* as giving rise to an appearance of unfairness. Next he claims that the trial judge's unawareness of the statutory and case law requirements in sentencing makes it appropriate, as it did in *Williams,* for a different judge to resentence him on remand. Finally, he notes that the lower court failed to comply with the mandate of rule 451(b) requiring it to identify the "other jurisdiction" when imposing a consecutive sentence. This "distinct abrogation of the Rules of Court," when combined with the two other reasons, militates in his view in favor of a new judge on remand. As defendant tactfully puts it, these reasons "might suggest that [defendant] would be more fairly and reasonably served by another judicial view of the facts."

We review defendant's contentions in light of the 1984 changes to the statute governing the disqualification of judges on remand. Code of Civil

Procedure section 170.1, subdivision (c), enacted in 1984 as part of general revision of the judicial disqualification statutes, provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." Although there have been isolated instances prior to the enactment of the statute where the reviewing court has directed that a new judge resentence the defendant on remand, no discernible pattern or doctrinal framework has emerged from these episodic holdings. As the Legislative Analyst correctly noted in his analysis of the 1984 disqualification legislation, "[u]nder current law, the case is assigned to the original judge, unless otherwise specified. There is currently no specific procedure in law for a party to request an appellate court to remand a case to a different trial court judge." (Legislative Analyst, Analysis of Sen. Bill No. 1633 (Reg. Sess.) Apr. 6, 1984, p. 2.) Code of Civil Procedure section 170.1, subdivision (c) was obviously designed to provide such a procedure. ■ The legislation was sponsored by the State Bar of California and, according to the report of the Senate Committee on the Judiciary, "[t]he reason for the change is that a judge who has had his determinations reversed might not undertake a retrial with total objectivity." (Sen. Com. on Judiciary, Rep. on Sen. Bill No. 1633, Disqualification of Judges, p. 8.)

■ Given this legislative history and the terms of the statute itself, we conclude that the statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it. Disqualification may be necessary where the sentence of the original judge indicates an animus inconsistent with judicial objectivity. It may also be called for where the judge's failure to follow the sentencing rules suggests a whimsical disregard of the sentencing scheme that is incompatible with a judicious effort to comply with its complex terms. But mere sentencing error, given the complexity of the determinate sentencing scheme,[8] does not justify removing the trial judge; a mere failure to comply with its requirements cannot be said to reflect a lack of objectivity implicating the interests of justice. Nor would sentence reversal in such a case be likely to cause the sentencing court to lose its objectivity. Whatever the

---

[8] That scheme has been called "a legislative monstrosity, which is bewildering in its complexity. Superimposed on Penal Code section 1170 et seq. are the sentencing rules (Cal. Rules of Court, rule 401 et seq.) promulgated under the aegis of Penal Code section 1170.3. Here, the already perplexing provisions of Penal Code section 1170 et seq. are further refined into a kind of labyrinthine formalism under which trial judges carefully pick their way in a kind of ceremonial ritual during the sentencing processes." (*People* v. *Sutton* (1980) 113 Cal.App.3d 162, 164 [169 Cal.Rptr. 656], fn. omitted [Gardner, J.].) It is, in the Churchillean phrase, "a riddle wrapped in a mystery inside an enigma." And we are not unaware of the irony that an opinion such as this one, while in our view compelled by the statutory scheme, does nothing to simplify the sentencing procedure.

sting of reversal, vindictive retaliation against a successful defendant cannot be presumed to be the judicial reaction.

■ We turn then to defendant's contentions. The first claim of subjectivity, arising because the judge's sentencing decision dealt with defendant's character rather than his acts, is rebutted by the fact that the court is expressly enjoined by the rules to take "facts relating to the defendant" into account. (See rules 421(b), 423(b); see also rule 425(b).) Nor is there any merit to the second claim that the trial court was unaware of the determinate sentencing law to a degree warranting removal. The court faithfully followed the strictures of that law except for one instance and that error occurred in a very ambiguous area of sentencing law—the application of rule 451. The third and final claim, while correct, does not justify removing the sentencing judge. When a sentence is consecutive to a term imposed by a court of the United States, rule 451(b) requires the trial court to "identify the other jurisdiction and the proceedings in which the other sentence was imposed." Here the court only identified the federal term as one imposed by the "Federal Court." Under the rule, the "judgment should be modified to specify the federal case to which the court was referring and . . . reflect that the state sentence will commence after the completion of the sentence in the federal case." (*Veasey, supra,* 98 Cal.App.3d at p. 792.) But whatever other grounds may exist for challenging the objectivity of the sentencing judge, this is not one of them.

The matter is remanded for resentencing in conformity with the views expressed in this opinion. In all other respects, the judgment is affirmed.

Blease, Acting P. J., concurred.

SIMS, J.—I concur in the majority opinion except for its analysis of why a consecutive sentence for the escape conviction was not mandated. I reach the same conclusion by different reasoning.

The majority conclude a mandatory consecutive sentence cannot be reconciled with the 1985 amendment to Penal Code section 4532. (Maj. opn., *ante,* at pp. 1555-1556; further statutory references are to the Penal Code.) However, the amendment was not in place when defendant committed his crime in 1984.

I think we must first ascertain the meaning of the statute the defendant violated. The 1985 amendment would be relevant only if the 1984 statute required that defendant's sentence be run consecutively to his federal sentence. In that event, the 1985 amendment might be relevant upon the principle that it arguably provided a lesser punishment for nonviolent

escapes than had theretofore been the case, and defendant is entitled to the benefit of the lesser punishment. (See *In re Fink* (1967) 67 Cal.2d 692, 693-694 [63 Cal.Rptr. 369, 433 P.2d 161].) As it turns out, the statute defendant violated did not require that defendant's sentence be run consecutively to his federal sentence, so, in my view, the 1985 amendment is irrelevant and need not be considered.

When defendant committed his crime, section 4532, subdivision (b) specified with respect to both nonviolent and violent escapes that a state prison sentence was "to be served consecutively." (Maj. opn., *ante,* p. 1552, fn. 1.) In ascertaining the meaning of this language, we have an obligation to examine other statutes that affect the same subject, because "Statutes in pari materia should be construed together." (*Long Beach Police Officers Assn.* v. *City of Long Beach* (1988) 46 Cal.3d 736, 744 [250 Cal.Rptr. 869, 759 P.2d 504], citing *People* v. *Caudillo* (1978) 21 Cal.3d 562, 585 [146 Cal.Rptr. 859, 580 P.2d 274].) Here, a statute related to former section 4532 is section 1170.1, subdivision (c). The latter statute, which was in place when defendant committed his crimes, provides in pertinent part, "In the case of any person convicted of one or more felonies committed *while such person is confined in a state prison, or is subject to reimprisonment for escape from such custody* and the law . . . requires the terms to be served consecutively . . ., the term of imprisonment for all the convictions which the person is required to serve consecutively shall commence from the time such person would otherwise have been released from prison." (Italics added.)

In subdivision (c) of section 1170.1, the Legislature expressly provided that a full-term consecutive sentence should be imposed only where defendant is confined *in state prison* at the time of the escape. (*People* v. *Mitchell* (1988) 199 Cal.App.3d 300, 304 [244 Cal.Rptr. 803].) Where, as here, a defendant was confined in a county jail, section 1170.1 required that the consecutive sentence be one-third of the midterm. (*Ibid.*; *People* v. *Jones* (1980) 110 Cal.App.3d 75, 77 [167 Cal.Rptr. 571].)

When section 1170.1, subdivision (c) is read together with former section 4532, subdivision (b), a reasonable construction of the two statutes is that the Legislature *required* imposition of a full-term consecutive sentence only where a defendant escaped from state prison. Since this construction is plausible, it must prevail upon the theory defendant is entitled to the benefit of every realistic doubt in the interpretation of a penal statute. (*People* v. *Anderson* (1987) 43 Cal.3d 1104, 1145 [240 Cal.Rptr. 585, 742 P.2d 1306].) It follows that former section 4532, subdivision (b), did not mandate that a state prison sentence be run consecutively to a federal sentence, since the effect of such a requirement would be imposition of a full-term state prison sentence even though defendant had not escaped from state prison. (See rule

451(b), Cal. Rules of Court; *People* v. *Veasey* (1979) 98 Cal.App.3d 779, 789-790 [159 Cal.Rptr. 755].)

However, it is one thing for the Legislature to *require* imposition of a full term in every case and quite another thing for the Legislature to *allow* imposition of a full term where the circumstances warrant it. I find nothing in former section 4532, subdivision (b) suggesting sentencing for a nonviolent escape should be treated differently from sentencing for any other nonviolent California felony subject to subdivision (a) of section 1170.1. As the majority opinion correctly points out (maj. opn., *ante,* pp. 1557-1558), sentences for such offenses may be run consecutively to a federal term, and when they are, they become full-term sentences by operation of law. (*Veasey, supra,* at pp. 789-790.) Thus, although former section 4532, subdivision (b) did not *mandate* a consecutive sentence in this case the trial court had *discretion* to impose a consecutive term even though it would be a full term.