[EDITORS' NOTE: THIS OPINION IS DEPUBLISHED UPON GRANTING OF PETITION FOR REVIEW. THE OPINION APPEARS BELOW WITH A GRAY BACKGROUND.]
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1268 
 OPINION
The sky is not completely falling in California after Cunningham v. California (2007) 549 U.S. ___ [166 L.Ed.2d 856, 127 S.Ct. 856] (hereafter Cunningham) changed life as we knew it under the determinate sentencing law (DSL). Cunningham did not address consecutive sentences under the DSL, which, as we will explain, can be imposed based on facts found by the trial court, without violating theSixth Amendment to the United States Constitution.
 BACKGROUND A jury convicted defendant Francisco Javier Hernandez of conspiring to manufacture methamphetamine (count I), possessing ephedrine with the intent to manufacture methamphetamine (count II), manufacturing methamphetamine (count III), and possessing methamphetamine for sale (count IV). The jury also found to be true the enhancements alleged pursuant to Health and Safety Code sections 11379.8, subdivision (a)(3) and 11370.4, subdivision (b)(2). Defendant was sentenced to an aggregate term of 16 years four months in state prison.
 On appeal, defendant contends that imposition of a consecutive term for count II violated the Sixth Amendment to the United States Constitution as interpreted in Apprendi v.New Jersey (2000) 530 U.S. 466 [147 L.Ed.2d 435,120 S.Ct. 2348] (hereafter Apprendi) and Blakely v.Washington (2004) 542 U.S. 296 [159 L.Ed.2d 403,124 S.Ct. 2531] (hereafter Blakely).
 DISCUSSION I Apprendi held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be tried to a jury and proved beyond a reasonable doubt. (Apprendi, supra,530 U.S. at p. 490 [147 L.Ed.2d at p. 455].) For this purpose, the statutory maximum is the maximum sentence a court could impose based solely on facts reflected by a jury's verdict or admitted by the defendant; thus, when a court's authority to impose an enhanced sentence depends upon additional fact findings, there is a right to a jury trial and proof beyond a reasonable doubt on the additional facts. (Blakely, supra,542 U.S. at pp. 302-305 [159 L.Ed.2d at pp. 413-414].) *Page 1270 
 In Cunningham, supra, 549 U.S. at p. [166 L.Ed.2d at p. 864, 127 S.Ct. at p. 860], the United States Supreme Court held that by "assign[ing] to the trial judge, not to the jury, authority to find the facts that expose a defendant to an elevated `upper term' sentence," the DSL "violates a defendant's right to trial by jury safeguarded by the Sixth andFourteenth Amendments." (Ibid., overruling Peoplev. Black (2005) 35 Cal.4th 1238 [29 Cal.Rptr.3d 740, 113 P.3d 534] on this point.)
 Cunningham did not address the constitutionality of the DSL pertaining to a trial court's decision to impose concurrent or consecutive sentences. It did not mention, let alone expressly overrule, the California Supreme Court's decision that "Blakely's underlying rationale is inapplicable to a trial court's decision whether to require that sentences on two or more offenses be served consecutively or concurrently." (People v. Black,supra, 35 Cal.4th at p. 1262, vacated in Black v.California (Feb. 20, 2007) ___ U.S. ___ [2007 U.S. Lexis 1856].)
 For reasons that follow, we reject defendant's assertion that he was entitled to have a jury determine the facts upon which the trial court relied to impose consecutive sentences.
 Penal Code section 669 imposes an affirmative duty on a trial court to determine whether the terms of imprisonment for multiple offenses are to be served concurrently or consecutively. (In re Calhoun (1976) 17 Cal.3d 75,80-81 [130 Cal.Rptr. 139, 549 P.2d 1235].) In most cases, the section leaves this decision to the trial court's discretion. (People v. Jenkins (1995) 10 Cal.4th 234, 255-256 [40 Cal.Rptr.2d 903, 893 P.2d 1224].) "While there is a statutory presumption in favor of the middle term as the sentence for an offense [citation], there is no comparable statutory presumption in favor of concurrent rather than consecutive sentences for multiple offenses except where consecutive sentencing is statutorily required. The trial court is required to determine whether a sentence shall be consecutive or concurrent but is not required to presume in favor of concurrent sentencing." (People v. Reeder (1984) 152 Cal.App.3d 900, 923
[200 Cal.Rptr. 479].)
 Penal Code section 669 provides that when a trial court fails to determine whether multiple sentences shall run concurrently or consecutively, the terms shall run concurrently. This provision reflects the Legislature's policy of "speedy dispatch and certainty" of criminal judgments and the *Page 1271 sensible notion a defendant should not be required to serve a sentence that has not been imposed by a court. (See In re Calhoun, supra, 17 Cal.3d at p. 82.) This provision does not relieve a sentencing court of the affirmative duty to determine whether sentences for multiple crimes should be served concurrently or consecutively. (Ibid.) And it does not create a presumption or other entitlement to concurrent sentencing. Under Penal Code section669, a defendant convicted of multiple offenses is entitled to the exercise of the sentencing court's discretion, but is not entitled to a particular result.
 The trial court is required to state reasons for its sentencing choices, including its decision to impose consecutive sentences. (Cal. Rules of Court, rule 4.406(b)(5);People v. Walker (1978) 83 Cal.App.3d 619, 622
[148 Cal.Rptr. 66].) This requirement ensures that the court analyzes the problem and recognizes the grounds for the decision, assists meaningful appellate review, and enhances public confidence in the system by showing that sentencing decisions are careful, reasoned, and equitable. (People v.Martin (1986) 42 Cal.3d 437, 449-150 [229 Cal.Rptr. 131,722 P.2d 905].) However, the requirement that reasons for a sentence choice be stated does not create a presumption or entitlement to a particular result. (See In re Podesto
(1976) 15 Cal.3d 921, 937 [127 Cal.Rptr. 97,544 P.2d 1297].)
 Therefore, entrusting to trial courts the decision whether to impose concurrent or consecutive sentencing under California's sentencing laws is not precluded by the decisions in Apprendi, Blakely, andCunningham. In this state, every person who commits multiple crimes knows he or she is risking consecutive sentencing. While such a person has the right to the exercise of the court's discretion, the person does not have a legal right to concurrent sentencing, and as the Supreme Court said inBlakely, "that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned." (Blakely, supra, 542 U.S. at p. 309
[159 L.Ed.2d at p. 417].)
 Accordingly, the trial court here did not err in sentencing defendant to a consecutive term on count II.
 II* In reviewing defendant's claim of error, we discovered that the trial court purported to sentence defendant to the "upper" term of five years on count III because the great degree of planning involved outweighed the mitigating factors of defendant's age and lack of a prior record. However, five years is the middle term; the upper term for manufacturing methamphetamine is seven years. (Health Saf. Code, §11379.6.)[1] Thus, it appears the court meant to say that it was imposing the middle term, not the upper term. In any event, as noted in Part I, ante, the Sixth Amendment of the United States Constitution precludes imposition of the upper term based on an aggravating factor that, like here, was not found true by the jury. Accordingly, we shall direct the court to correct the abstract of judgment to reflect that themiddle term of five years was imposed.
 The abstract of judgment also incorrectly reflects defendant was convicted on count II of possessing ephedrine with intent to manufacture methamphetamine in violation of Health and Safety Code section 11382, subdivision (c)(1). The correct statute was Health and Safety Code section11383, subdivision (c)(1).[2] We shall direct the trial court to so correct the abstract. *Page 1272 
 DISPOSITION The judgment is affirmed. The trial court is directed to (1) amend the abstract of judgment to reflect that on count II, defendant was convicted of violating Health and Safety Code section 11383, subdivision (c)(1) and that on Count III, he was sentenced to the middle term of five years, and (2) send a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.
 Hull, J., and Robie, J., concurred.
[1] The sentencing range is currently three, five and seven years, which is the same range existing at the time defendant committed the crime in 2001. (Stats. 1989, ch. 1024, § 1, p. 3546.)
[2] The crime of possessing ephedrine with intent to manufacture methamphetamine used to be covered by Health and Safety Code section 11383, but it is now found in section 11383.5. (Stats. 2006, ch. 646 (Sen. Bill 1299) § 2, 3.)
* See footnote, ante, page 1266. *Page 1273