Filed 3/28/22  P. v. Telea CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>SIKAI FANO TELEA,<br><br>        Defendant and Appellant. | A160734<br><br>(San Mateo County<br>Super. Ct. No. SC55569A) |

Defendant Sikai Fano Telea appeals from a postjudgment order denying his petition for resentencing under Penal Code[1] section 1170.95.  The trial court found defendant ineligible for relief because it concluded he was a major participant who acted with reckless indifference to human life.  The court also concluded defendant's attempted murder convictions were ineligible for resentencing under section 1170.95.

On appeal, defendant contends he is entitled to resentencing because the trial court failed to require the prosecution to carry its burden of proof, prevented defendant from presenting additional evidence, and improperly relied on its recollection of the evidence.  He further asserts he was deprived of due process due to judicial bias.  We conclude the trial court erred in refusing to allow defendant to present evidence, and remand for the court to

---

[1] All statutory references are to the Penal Code.

conduct a new evidentiary hearing under section 1170.95, subdivision (d). We also reverse the trial court's order denying defendant's petition as to certain attempted murder convictions, and remand to the trial court for further proceedings in accordance with section 1170.95. We deny defendant's claim of judicial bias.

## I.
## BACKGROUND

### A. *Factual Background*

The following facts were set forth in this court's prior nonpublished opinion, *People v. Telea* (Nov. 25, 2008, A110926) (*Telea I*): "[Defendant] and the codefendants robbed a Wells Fargo bank branch in Burlingame on October 11, 2002. In the course of the robbery, codefendant Seti Scanlan shot and killed one bank employee, and defendant shot, but did not kill, a second employee. On November 1, 2002, a man robbed a Carl's Jr. restaurant in Mountain View at gunpoint. Soon after on the same night, two men robbed a Mountain View market. A police officer responding to the robbery report from Carl's Jr. encountered and began to follow an SUV that was leaving the area. As the officer pulled the SUV over, a man emerged and shot at the officer, shattering the car windshield and striking the officer in the face. Other responding officers began a high-speed chase of the SUV. During the chase, persons inside the SUV, including defendant, fired shots at various pursuing officers. After the vehicle came to a stop, two of the codefendants were caught, but the remainder of the occupants escaped. Defendant was not among those caught that night, but he later admitted his involvement in all three robberies."

2

## B. Procedural Background

Defendant was charged by amended information with murder (§ 187, subd. (a); count 1), attempted murder (§§ 187, subd. (a), 664; count 2), seven counts of robbery (§ 212.5, subd. (c); counts 3–7, 12–13), and four counts of attempted murder of a police officer (§§ 187, subd. (a), 664; counts 8–11). The information also asserted a robbery-murder special circumstance (§ 190.2, subd. (a)(17)(A)) as to count 1, and various personal gun use and great bodily injury allegations (§§ 12022.53, subds. (b), (c), (d), 12022, subd. (a)(1), 1203.06, subd. (a)(1)) as to counts 2–7, 8–13). A jury convicted defendant of counts 1 through 12. The court sentenced defendant to life without parole. Defendant's convictions were upheld by this court in *Telea I*, *supra*, A110926.

Defendant subsequently filed a petition for resentencing pursuant to section 1170.95. Following appointment of counsel and briefing, the trial court concluded defendant had established a prima facie case for relief and set the matter for an evidentiary hearing.

In advance of the evidentiary hearing, defendant argued he was convicted under a theory of felony murder, and the jury was instructed with an outdated definition of "major participant." Defendant also argued the court should set aside his attempted murder convictions related to the shootings during a police chase (counts 8–11) because those were likely based on the natural and probable consequences doctrine. Defendant asserted he was entitled to introduce new evidence on these issues. Defendant filed a separate motion seeking to introduce evidence of his codefendant's statement to an investigator in which the codefendant stated he had forced defendant to participate in the robbery.

At the beginning of the evidentiary hearing, the trial court announced its tentative ruling in which it framed the question as whether defendant was

3

a major participant who acted with reckless indifference to human life, which would preclude resentencing under section 1170.95. The trial court also informed the parties it would not consider resentencing on the attempted murder convictions because attempted murder was not part of section 1170.95. During argument, defendant's counsel requested that the court allow testimony from his investigator regarding whether defendant was forced to commit the robbery. The court declined to allow such evidence at the hearing.

Following the hearing, the trial court denied defendant's section 1170.95 petition. The court concluded defendant was a major participant who acted with reckless indifference to human life. Defendant timely appealed.

## II.

## DISCUSSION

### A. *Denial of Petition for Resentencing*

#### 1. *Statutory Background*

Effective January 1, 2019, Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Senate Bill 1437) amended "the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); see *People v. Gentile* (2020) 10 Cal.5th 830, 842.)

Senate Bill 1437 "redefined 'malice' in section 188. Now, to be convicted of murder, a principal must act with malice aforethought; malice can no longer 'be imputed to a person based solely on his or her participation in a crime.' (§ 188, subd. (a)(3).)" (*In re R.G.* (2019) 35 Cal.App.5th 141, 144.)

4

Senate Bill 1437 also "amended section 189, which defines the degrees of murder, by limiting the scope of first degree murder liability under a felony-murder theory. (§ 189, subd. (e).)" (*People v. Turner* (2020) 45 Cal.App.5th 428, 433.)

Senate Bill 1437 also added section 1170.95, which permits a person convicted of murder under a now-invalid felony-murder or natural and probable consequences theory to petition the superior court to vacate the murder conviction and to be resentenced on any remaining counts. (*People v. Lewis* (2021) 11 Cal.5th 952, 959; *People v. Gentile*, *supra*, 10 Cal.5th at p. 843.) A petitioner is eligible for relief if he or she (1) was charged with murder by means of a charging document that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine; (2) was convicted of first or second degree murder; and (3) could no longer be convicted of first or second degree murder due to the changes to sections 188 and 189 effectuated by Senate Bill 1437. (§ 1170.95, subd. (a).)

In October 2021, the Governor signed into law Senate Bill No. 775 (Reg. Sess. 2021–2022) (Senate Bill 775). Senate Bill 775 amended section 1170.95 to make relief available to those convicted of attempted murder or manslaughter. (Stats. 2021, ch. 551, § 2; § 1170.95, subd. (a).) The Legislature enacted Senate Bill 775 in part to clarify "that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories." (Stats. 2021, ch. 551, § 1, subd. (a).)

## 2. *Analysis*

Defendant identifies three alleged grounds for error.  First, he contends the trial court erred by not requiring the prosecution to offer new evidence to support their burden of proof.[2]  Second, defendant contends the trial court erred by refusing to allow him to present evidence because the court concluded such evidence was (1) previously presented, (2) could have been previously presented, or (3) not relevant.  Finally, defendant argues the court erred by solely relying on its recollections of trial rather than any review of the evidence.

### a. The Prosecution's Offer of Evidence

While the prosecution was required to establish beyond a reasonable doubt at the postorder to show cause evidentiary hearing that defendant was a major participant in the robbery and acted with reckless indifference to human life (§ 1170.95, subd. (d)(3)), the prosecution was not required to introduce any evidence at the evidentiary hearing.  Subdivision (d)(3) provides: "The admission of evidence in the hearing shall be governed by the Evidence Code, except that the court may consider evidence previously admitted at any prior hearing or trial that is admissible under current law, including witness testimony, stipulated evidence, and matters judicially noticed. . . . The prosecutor and the petitioner *may also* offer new or additional evidence to meet their respective burdens." (§ 1170.95, subd. (d)(3), italics added.)

Here, the prosecution opted to rely on the evidence presented at defendant's trial.  Whether that evidence is sufficient to meet the

_____

[2] It is unclear whether defendant contends the trial court employed the wrong standard of proof.  However, the record clearly indicates the trial court properly applied the "beyond a reasonable doubt" standard.

6

prosecution's burden of proof is an issue for the trial court to decide in light of all the evidence introduced at the evidentiary hearing. But the prosecution's decision to not offer new or additional evidence does not automatically indicate any failure to meet its burden.

### b. Defendant's Right to Offer Evidence

Conversely, we agree with defendant that he had a statutory right to offer new or additional evidence at the section 1170.95, subdivision (d)(3) hearing and to have the trial court consider that evidence. (§ 1170.95, subd. (d)(3); *People v. Anthony* (2019) 32 Cal.App.5th 1102, 1152–1153.) A defendant is entitled to present live witness testimony, documentary evidence, and reliable hearsay. (*People v. Williams* (2020) 57 Cal.App.5th 652, 661, review den. Feb. 10, 2021 ["the rules of evidence governing a section 1170.95[,] subdivision (d)(3) hearing should be no different than those applied at other analogous postconviction resentencing proceedings"].)

At the evidentiary hearing, the defendant sought to offer evidence of a codefendant's declaration against penal interest, in which he stated he had forced defendant to participate in the robbery against defendant's will, and evidence that the handgun used by defendant was supplied by the codefendant, was unfamiliar to defendant, and had a hair trigger. Because the codefendant had since died, defendant sought to offer the evidence through testimony of an investigator who spoke to the codefendant in the weeks preceding the trial. Defendant asserted the statements were relevant to the court's consideration of the *Banks*/*Clark*[3] factors when assessing

---

[3] *People v. Banks* (2015) 61 Cal.4th 788 set forth a nonexclusive list of factors bearing on whether an aider and abettor of felony murder was a "major participant": "What role did the defendant have in planning the criminal enterprise that led to one or more deaths? What role did the defendant have in supplying or using lethal weapons? What awareness did the defendant have of particular dangers posed by the nature of the crime,

whether defendant was a major participant who acted with reckless indifference to human life. While defendant had testified at trial that he was coerced to participate in the robbery, he argued that testimony was evaluated under a different standard of proof and definition than currently applies.

The trial court declined to consider the evidence. It identified three "problems" with the proposed testimony. First, the trial court noted the evidence was duplicative of defendant's trial testimony. Second, the trial court expressed concerns about the reliability of the evidence because it was not used at trial. The court speculated, "There was probably a tactical reason for that. We don't know because [the public defender] is not present to tell us. And the proponent of this evidence is deceased now, so he can't tell us . . . . And there's an interesting issue about whether any of this is even against [the codefendant's] penal interest." Finally, the court concluded even if it accepted the evidence and found defendant had been forced to participate, it was "irrelevant" in determining whether defendant was a major participant.

Here, the trial court abused its discretion in refusing to consider the proposed testimony. Pursuant to the statutory language, a petitioner is

---

weapons used, or past experience or conduct of the other participants? Was the defendant present at the scene of the killing, in a position to facilitate or prevent the actual murder, and did his or her own actions or inaction play a particular role in the death? What did the defendant do after lethal force was used?" (*Id.* at p. 803, fn. omitted.) *People v. Clark* (2016) 63 Cal.4th 522 provided a nonexclusive list of factors bearing on the "reckless indifference to human life" element. These factors are the "defendant's knowledge of weapons used in the crime, and their actual use and number; [the] defendant's proximity to the crime and opportunity to stop the killing or aid [the victim or victims]; the duration of the crime; [the] defendant's knowledge of [the actual killer's] propensity to kill; and [the] defendant's efforts to minimize the possibility of violence during the crime." (*In re Miller* (2017) 14 Cal.App.5th 960, 975, citing *Clark*, at pp. 618–621.)

entitled to offer "new or additional evidence." (§ 1170.95, subd. (d)(3).) "It is generally said that '[o]ur task in interpreting these statutes is "to ascertain and effectuate legislative intent." [Citation.]' [Citation.] The search for intent, however, takes a specific form. ' " 'Because statutory language "generally provide[s] the most reliable indicator" of [legislative] intent [citations], we turn to the words themselves, giving them their "usual and ordinary meanings" and construing them in context [citation].' [Citation.] If the language contains no ambiguity, we presume the Legislature meant what it said, and the plain meaning of the statute governs." ' " (*Witt Home Ranch, Inc. v. County of Sonoma* (2008) 165 Cal.App.4th 543, 555.) The plain language of subdivision (d)(3) states such evidence need not be new. Rather, it may be new *or* additional. As the court noted, the codefendant's statements were not introduced at trial, and thus qualify as additional evidence.

While a defendant is generally entitled to offer evidence at the evidentiary hearing, courts may properly exclude evidence, such as hearsay, if it is not admissible under the Evidence Code. (See § 1170.95, subd. (d)(3).) With regard to alleged statements by the codefendant, " ' "[t]he proponent of such evidence must show 'that the declarant is unavailable, that the declaration was against the declarant's penal interest, and that the declaration was sufficiently reliable to warrant admission despite its hearsay character.' " [Citation.] "The focus of the declaration against interest exception to the hearsay rule is the basic trustworthiness of the declaration." ' [Citations.] [¶] ' "There is no litmus test for the determination of whether a statement is trustworthy and falls within the declaration against interest exception. The trial court must look to the totality of the circumstances in which the statement was made, whether the declarant

9

spoke from personal knowledge, the possible motivation of the declarant, what was actually said by the declarant and anything else relevant to the inquiry." ' [Citation.] ' "In determining whether a statement . . . is sufficiently trustworthy to be admissible, the court may take into account not just the words but the circumstances under which they were uttered, the possible motivation of the declarant, and the declarant's relationship to the defendant." ' " (*People v. Smith* (2017) 10 Cal.App.5th 297, 303–304, fn. omitted.)

Here, the trial court failed to adequately analyze whether the evidence was sufficiently trustworthy to be admissible. The court did not identify any specific circumstances, such as any conflicting statements made by the codefendant or any special relationship between defendant and the codefendant, that raised questions regarding credibility. Instead, the trial court questioned the credibility of the evidence solely on the fact that it had not been offered at trial. But there are various reasons why the public defender may not have utilized the evidence apart from issues of credibility. We are unaware of any authority that would support excluding such evidence merely based on speculation as to the public defender's trial strategy. Likewise, while the trial court questioned whether the statement was actually against penal interest, it failed to identify the basis for this concern. Accordingly, the court abused its discretion by excluding such evidence without fully assessing its admissibility. (See *Katiuzhinsky v. Perry* (2007) 152 Cal.App.4th 1288, 1294 ["While trial judges ordinarily enjoy broad discretion with respect to the admission and exclusion of evidence . . . , a court's discretion is limited by the [applicable] legal principles . . . . ' " . . . Action that transgresses the confines of the applicable principles of law is

10

outside the scope of discretion and we call such action an 'abuse' of discretion." ' "].)

Finally, the Attorney General argues any such error is harmless. We disagree. Because the trial court disallowed defendant from presenting evidence, it is not part of the record and we are left with a void from which to guess as to what that evidence may contain and how it may impact defendant's petition. (See *Fuller v. Tucker* (2000) 84 Cal.App.4th 1163, 1173 ["Argument of counsel is not evidence."].) "We are a court of review, not a tribunal of speculation." (*In re Armando L.* (2016) 1 Cal.App.5th 606, 621.) Accordingly, we decline to find the error harmless and remand to the trial court to conduct a new evidentiary hearing pursuant to section 1170.95, subdivision (d).

### 3. *Attempted Murder*

Defendant also requested the trial court vacate his attempted murder convictions under section 1170.95. At the time of the evidentiary hearing, the trial court correctly concluded section 1170.95 did not apply to attempted murder convictions. (See *People v. Sanchez* (2020) 48 Cal.App.5th 914, 917, abrogated by statute in § 1170.95, subd. (a).) However, passage of Senate Bill 775 altered that analysis.

On February 8, 2022, this court requested the parties submit letter briefs addressing whether Senate Bill 775 requires this court to reverse the order denying defendant's petition for resentencing as to his attempted murder convictions. In response, the Attorney General acknowledged the trial court's order should be reversed and remanded for further proceedings in the trial court as to counts 8 through 11.

We agree. Accordingly, we reverse the trial court's order denying defendant's petition for resentencing under section 1170.95 as to counts 8

11

through 11 (attempted murder of a police officer), and remand for further proceedings pursuant to section 1170.95.

## B.  Due Process

Finally, defendant argues he was deprived of due process because the trial judge was "so invested and committed to a belief that [defendant] was guilty as previously charged, convicted, and sentenced, that he was unable to act as an impartial fact-finder at the resentencing hearing."  To support his claim, defendant points to comments by the court that a jury found defendant guilty, the conviction was upheld by the Court of Appeal, and that facts were developed at a lengthy trial that was "meticulously tried by both sides."  He asserts these comments, along with the court's refusal to consider new evidence, demonstrates the judge was "invested in the correctness of the outcome of the original trial."

To establish a due process violation, actual bias need not be proved; however, "based on an objective assessment of the circumstances in the particular case, there must exist ' "the probability of actual bias on the part of the judge . . . [that] is too high to be constitutionally tolerable." ' "  (*People v. Freeman* (2010) 47 Cal.4th 993, 996.)  Under this objective standard, "only the most 'extreme facts' would justify judicial disqualification based on the due process clause."  (*Ibid*.)  The due process clause does not require judicial disqualification based on the mere appearance of bias.  (*Id*. at pp. 1000, 1006.)

Here, the judge did not make any comments on the record that would lead a reasonable person to conclude he was biased or that he had already made up his mind, and that he could not come to a different conclusion after conducting a full evidentiary hearing.  The comments at issue merely reflect the outcome of the original trial, and note the extensive evidence developed

12

during that trial—evidence that is permissibly part of the evidentiary record that a court may consider. (See § 1170.95, subd. (d)(3).) Likewise, the trial court's error in not allowing defendant to offer new evidence does not justify disqualification. (See *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079 ["Mere judicial error does not establish bias and normally is not a proper ground for disqualification."].) Generally, the power of appellate courts to order removal of a trial judge from a case must be used sparingly. (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.) Because we conclude there was no evidence of judicial bias, we deny defendant's request to remove the trial judge without prejudice to any action defendant may take to raise any concerns about judicial bias in the trial court.

## III.

## DISPOSITION

The order denying defendant's section 1170.95 petition is reversed and remanded for the trial court to conduct a new evidentiary hearing pursuant to section 1170.95, subdivision (d).

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

EAST, J.*

A160734
*People v. Telea*

---

14