Filed 6/27/22 P. v. Pruitt CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DARNELL EUGENE PRUITT,<br><br>    Defendant and Appellant. | C093877<br><br>(Super. Ct. No. 10F06215) |

Defendant Darnell Eugene Pruitt appeals the trial court's denial of the Department of Corrections and Rehabilitation's (CDCR) recommendation to consider recalling his sentence and resentencing him.  Agreeing with the parties that recent statutory changes warrant reconsideration, we reverse and remand.  In doing so, we reject defendant's request that, upon remand, we direct this case to be assigned to a different judge.

1

FACTS AND HISTORY OF THE PROCEEDINGS

In February 2012, defendant entered a no contest plea, stipulating to a 30-year sentence consisting of five years for carjacking, doubled under the three strikes law, and a total of 20 years for four prior serious felony convictions—battery with serious bodily injury in 1989, making terrorist threats in 1994, second degree robbery in 1995, and second degree robbery with personal use of a firearm in 1998—pursuant to Penal Code section 667, subdivision (a). (Statutory section citations that follow are found in the Penal Code unless otherwise stated.)

In January 2021, the Secretary of the CDCR (Secretary) sent a letter to the trial court recommending recall and resentencing of defendant pursuant to the former version of section 1170, subdivision (d)(1) (former section 1170(d)(1)), which authorized a court, at any time after receiving a recommendation from the CDCR, to recall an inmate's sentence and resentence that inmate to a lesser sentence. The Secretary stated that "the COVID-19 pandemic has created an urgent necessity to decrease [CDCR's] in-custody population," especially for inmates such as defendant, then 53 years old, "who has been determined to be at particularly high-risk of serious complications should he contract COVID-19." The Secretary noted defendant had served his base term and was sentenced before the passage of Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013), which granted courts discretion to strike serious felony enhancements in the interest of justice. Defendant had served six prior prison terms, had been returned to prison for multiple parole revocations, and had received three disciplinary infractions—two for fighting—while serving his current sentence. But he had "remained disciplinary free since January 2018" and had "taken advantage of positive activities, such as transitional programs, substance use disorder treatment, victim impact and awareness groups, voluntary education, and [had] maintained steady employment."

In March 2021, the court, without appointing counsel, providing notice, or holding a hearing, declined to recall defendant's sentence or strike the enhancements. The court issued a written order setting forth its reasons for denying the CDCR's recommendation. First, defendant had avoided a possible life sentence by entering into a favorable plea bargain that makes him eligible for release in 2034 at the age of 66, which was "reasonably . . . within his lifetime." Second, the availability of the COVID-19 vaccine reduced the threat posed to vulnerable inmates such as defendant, thereby "alleviating the need for California superior court judges to reduce sentences of those inmates." Third, the Secretary had not "shown that defendant . . . would not present an unreasonable risk of danger to society." Rather, "the Secretary has listed a lifetime of nonstop convictions acquired by defendant Pruitt, beginning in 1985 all the way through the current 2010 carjacking," and defendant had "never showed any appreciable period of time when he was out of custody in which he failed to engage in not only any kind of criminality, but assaultive behavior." The court concluded that defendant "simply is not a person who has ever demonstrated ability to reprogram and become a law-abiding member of society."

In an aside, the court stated it "should not become the venue for determining whether inmates should have their prison sentences reduced. Indeed, this court questions whether this court can have such a power, which appears to this court to be the power of commutation of sentence, a power exclusively reserved for the Governor." "Regardless," the court concluded, defendant was not "a suitable person for consideration for reduction of sentence" because he "has spent his entire adult life engaging in assaultive behavior, including during his present prison incarceration."

While defendant's appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) (Assembly Bill 1540) came into effect on January 1, 2022, and moved the recall and resentencing provisions of former section 1170(d)(1) to new section 1170.03.

DISCUSSION

I

*Assembly Bill 1540*

Defendant argues Assembly Bill 1540 (1) constitutes a clarification of existing law and therefore applies to cases involving the interpretation of former section 1170(d)(1), and (2) applies retroactively to his case pursuant to *In re Estrada* (1965) 63 Cal.2d 740. While the People do not concede the merits of defendant's arguments, they acknowledge that in the interest of judicial economy we may reverse the trial court's order and remand for new proceedings under section 1170.03. We agree with defendant that Assembly Bill 1540 applies to his case because it is a clarification of former section 1170(d)(1), and we will therefore reverse and remand.

"Former section 1170(d)(1) authorized a trial court, at any time upon the recommendation of the Secretary, to 'recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence.' This same language is contained in section 1170.03, which is where Assembly Bill 1540 moved the recall and resentencing provisions of former section 1170(d)(1). (§ 1170.03, subd. (a)(1).)

"Former section 1170(d)(1) (and now section 1170.03) authorizes the Secretary of the CDCR to recommend to the superior court that the court recall a previously imposed sentence and resentence the defendant. [Citation.] The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' [Citation.]

"In addition to moving the recall and resentencing provisions of former section 1170(d)(1) to section 1170.03, Assembly Bill 1540 also clarifies the required procedures including that, when recalling and resentencing, the court 'shall . . . apply any

4

changes in law that reduce sentences or provide for judicial discretion.' (§ 1170.03, subd. (a)(2).) Where, as here, the CDCR recommends recall and resentencing, the court is also now required to hold a hearing (unless the parties otherwise stipulate), state on the record its reasons for its decision, provide notice to the defendant, and appoint counsel for the defendant. (§ 1170.03, subds. (a)(6)-(8), (b)(1).) In addition, where a resentencing request is made, there is now a presumption in favor of recall and resentencing of the defendant, 'which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety.' (§ 1170.03, subd. (b)(2).)" (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1040.)

Former section 1170(d)(1) additionally provided that the court "may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice." Construing that language, this court concluded: "Trial courts are not bound by a stipulated sentence negotiated by the parties when resentencing under [former] section 1170(d)(1)." (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 788.) Section 1170.03 similarly provides that the court "in the interest of justice and regardless of whether the original sentence was imposed after a trial or plea agreement" may "reduce a defendant's term of imprisonment by modifying the sentence." (*Id.*, subd. (a)(3).)

In *People v. McMurray*, *supra*, 76 Cal.App.5th 1035, we held: "[T]he Legislature repeatedly indicated that Assembly Bill 1540 was intended to 'make clarifying changes' to former section 1170(d)(1), including specifying the required procedure and guidelines when the CDCR recommends recall and resentencing. [Citation.] . . . Under the circumstances, the appropriate remedy is to reverse and remand the matter, so that the trial court can consider the CDCR's recommendation to recall and resentence defendant under the new and clarified procedure and guidelines of section 1170.03. [Citation.] This is especially true here, given that the trial court failed to provide defendant with notice of the recommendation from the CDCR, appoint counsel for defendant, hold a

hearing, or state its reasons for declining to recall and resentence defendant." (*Id.* at p. 1041.)

Here, although the trial court stated its reasons for declining to recall and resentence defendant, it did not provide the other procedures required under section 1170.03. We conclude, therefore, that reconsideration pursuant to the provisions of Assembly Bill 1540—including the presumption in favor of recall and resentencing (see *People v. Garcia* (2018) 28 Cal.App.5th 961, 973)—is warranted. Given our conclusion, we need not address defendant's remaining substantive contentions.

II

*Reassignment of Judge*

Contending the judge in this case was dismissive of the Secretary's recommendations, biased against defendant, and hostile towards the recall and resentencing scheme, defendant further requests that we order the action assigned to a new judge pursuant to Code of Civil Procedure section 170.1, subdivision (c), which provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court."

"[T]he statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it," such as "where the [action] of the original judge indicates an animus inconsistent with judicial objectivity" or "where the judge's failure to follow the sentencing rules suggests a whimsical disregard of the sentencing scheme that is incompatible with a judicious effort to comply with its complex terms." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.) "An appellate court need not find actual bias in order to invoke Code of Civil Procedure section 170.1, subdivision (c)." (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079.)

6

This is not one of the rare cases warranting reassignment. The judge's detailed reasoning reflects a thorough command of the evidence before him and the law as it was broadly understood at the time. He understood the recall and resentencing scheme and his discretion to strike defendant's enhancements for prior strikes. He recognized the Secretary's COVID-19 concerns, observed that defendant had remained discipline free for the last three years, and was aware defendant has participated in self-improvement programs. The judge found that the availability of the COVID-19 vaccine mitigated the health threat, noted defendant would be eligible for release in 13 years pursuant to his plea agreement, and implicitly concluded that defendant's continuous history of assaultive behavior tracing back to 1985 outweighed the factors cited by the Secretary. The judge's decision to decline to exercise his discretion was based not on animus or whimsical disregard of the recall and resentencing scheme but rather on the arguments and evidence before him. The judge's application of former section 1170(d)(1) was fair and objective.

Having properly applied that provision, the judge then questioned whether it violated the separation of powers doctrine, citing *Way v. Superior Court* (1977) 74 Cal.App.3d 165, for the proposition that the power of commutation is the exclusive power of the Governor. (See *id.* at pp. 173-176; Cal. Const., art. V, § 8, subd. (a).) But *Way* further concluded the Legislature did not invade this power in enacting, as part of the Uniform Determinate Sentencing Act of 1976 (§ 1170.2), a statute providing for the retroactive reduction of existing sentences because the statute aimed to promote sentencing uniformity. (*Way*, at pp. 177-178.) Because the statute "undertook no act of mercy, grace, or forgiveness toward past offenders, such as characterizes true commutations," but rather was "incidental to a comprehensive reformation of California's penal system," the Legislature was not exercising the "*complete* power constitutionally delegated" to the Governor, and thus did not violate separation of powers principles. (*Ibid.*) With this clarification, we are confident the judge will continue to

7

apply the recall and resentencing procedures fairly and objectively, open-minded to the possibility the newly clarified procedures may lead him to a different conclusion. As to that outcome, we express no opinion.

DISPOSITION

The order declining to recall and resentence defendant is reversed. The matter is remanded for reconsideration of the CDCR's recommendation to recall and resentence defendant, in accordance with section 1170.03 as added by Assembly Bill 1540. Defendant's request for assignment to a different judge is denied.


_____

HULL, Acting P. J.


We concur:


_____

MAURO, J.


_____

RENNER, J.


8