Filed 8/26/22 P. v. Alvarez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RAUL ALVAREZ,<br><br>        Defendant and Appellant. | B310157<br><br>(Los Angeles County Super. Ct. No. BA282901) |

APPEAL from an order of the Superior Court of Los Angeles County, Bruce F. Marrs, Judge. Affirmed in part, reversed in part, and remanded.

Elizabeth Richardson-Royer, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and Steven E. Mercer, Deputy Attorney General, for Plaintiff and Respondent.

A jury convicted defendant Raul Alvarez (defendant) of robbery and special circumstance murder after his accomplice shot a customer during a video game store robbery. Defendant was sentenced to life in prison without the possibility of parole, plus 53 years. Later, defendant's murder conviction was vacated as a result of changes in felony murder law, and defendant was resentenced on the remaining charges. Now on appeal from that resentencing, the parties agree the case must be remanded for another resentencing hearing in light of recently enacted Senate Bill 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which requires a trial court to impose the middle-term punishment for a criminal offense unless aggravating circumstances justify the imposition of the high term and the facts establishing those circumstances have been stipulated to by the defendant or been found true beyond a reasonable doubt by the factfinder. (Pen. Code, § 1170, subd. (b)(2).) That will be our disposition.

## I. BACKGROUND

### A. *Defendant's Crimes, Convictions, and Sentencing*

Defendant and Terrell Frazier (Frazier) were members of a criminal street gang. In early August 2004, Frazier snatched $20 in cash and a cell phone from a woman at a gas station; defendant was the getaway driver. The woman pursued the two men in her car and defendant pulled over and threw the victim's phone on the ground (defendant told the victim he did not know Frazier was going to take her phone).

A month later, defendant and Frazier, with another accomplice who was also a fellow gang member,[1] robbed a video game store located on the second floor of a two-story strip mall. When they arrived at the mall, Frazier entered the store first and defendant and the accomplice followed a few moments later. When defendant and the accomplice entered, Frazier was pointing a gun at two employees, the manager and a sales associate, who were lying face down on the store's floor. While Frazier continued to point the gun at the employees, defendant and the accomplice duct-taped them. After binding the employees, defendant and the accomplice filled a bag with video games, game consoles, and a laptop computer. Frazier continued to point the pistol at the employees and defendant took the bag and left the store.

While Frazier was still inside the store, a customer, James Bishara (Bishara), entered.[2] Frazier turned the gun on Bishara, an argument between the two ensued, and Bishara was shot—fatally. Frazier and the accomplice fled, with defendant driving. Defendant and the other two perpetrators later split the money taken from the store's cash register and the proceeds from selling the stolen video games and consoles.

The Los Angeles County District Attorney charged defendant with grand theft (Pen. Code,[3] § 487, subd. (c)) for what

---

[1] At trial, the accomplice testified for the prosecution in exchange for leniency.

[2] At defendant's preliminary hearing, the accomplice testified defendant left the store after Bishara entered.

[3] Undesignated statutory references that follow are to the Penal Code.

3

occurred at the gas station and first degree special circumstance murder (§§ 187, subd. (a), 190.2, subd. (a)(17)) and robbery (§ 211) for what occurred at the video game store. At a trial in August 2010, a jury convicted defendant on all three charges and found several associated allegations true: the robbery-murder special circumstance, a gang allegation (§ 186.22, subd. (b)(1)), and a firearm discharge causing death allegation (§ 12022.53, subds. (d) & (e)).

The trial court sentenced defendant to life in prison without the possibility of parole. The specific charge-by-charge components of defendant's sentence were as follows: life in prison without the possibility of parole for the special circumstance murder conviction; three years in prison (consecutive) for the robbery conviction, plus 25 years to life for the associated firearm enhancement; and two years, concurrent, for the grand theft conviction, plus 25 years to life for the associated firearm enhancement. This court affirmed the judgment, with minor modifications, on direct appeal.

### B. Defendant's Resentencing

Years later, defendant obtained habeas corpus relief pursuant to *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522. The trial court vacated the robbery-murder special circumstance after finding defendant was not a major participant in the robbery who acted with reckless indifference to human life. Then, in May 2020, defendant filed a former section 1170.95 petition for resentencing arguing the trial court's post-conviction finding that he was not a major participant who acted with reckless indifference to human life meant his felony murder conviction must be vacated in light of

4

intervening changes to the Penal Code's murder statutes. The People conceded defendant was eligible for resentencing and the trial court set a resentencing hearing.[4]

In advance of that hearing, and pursuant to another intervening change in law permitting courts to strike or dismiss a firearm enhancement in the interest of justice (§ 12022.53, subd. (h), as amended by Stats. 2017, ch. 682, § 2), defendant moved to strike the 25 years to life firearm discharge enhancement. Defendant argued he exhibited meaningful personal growth and rehabilitation while in prison: renouncing his gang membership; becoming actively engaged in programs designed to foster self-help, anger management, and nonviolent conflict resolution; serving as a peer mentor to other prisoners committed to personal rehabilitation; and completing several educational programs. Defendant additionally argued his youth at the time of the murder (he was 23 years old) and his disciplinary record in prison also militated in favor of striking the firearm enhancement in the interest of justice.

The People submitted a (re)sentencing memorandum that did not dispute defendant was entitled to have his felony murder conviction vacated. But the People urged the court to impose a new sentence of 30 years to life: five years—the upper term—for the robbery, plus 25 years to life for the associated firearm allegation defendant wanted the court to strike in the interest of justice. The People contended this sentence was warranted because defendant played an active role in the robbery (binding

---

[4] The trial judge who handled the resentencing was not the judge who presided over defendant's trial or the one who vacated the special circumstance finding.

the employees, collecting the store's merchandise, and driving the getaway car) and because the robbers divided the loot equally, which according to the People, "manifest[ed] their belief that they acted as equals."

Defendant submitted his own sentencing memorandum urging the trial court to sentence him to 15 years: the upper term of five years for the robbery, plus 10 years for the gang enhancement that did not figure in defendant's original sentence because of other sentencing considerations that did apply. Defendant argued a 15-year sentence was appropriate in light of his rehabilitation in prison and his absence from the scene of the crime (as he argued it) when Frazier shot Bishara. Defendant also discussed the sentencing credits he should receive if his murder conviction were vacated.

At resentencing in December 2020, the trial court agreed defendant's murder conviction (and the accompanying sentencing enhancements) must be vacated. The parties also alerted the court that the People's position on sentencing had changed (a new District Attorney had been elected) and the parties now agreed the firearm and gang enhancements should be stricken and defendant should be sentenced to only a five-year prison term. The court complimented both sides for their sentencing submissions but emphasized it was ultimately responsible for sentencing defendant and the parties' stipulation to a particular sentence was therefore "totally irrelevant."

Turning specifically to the request to strike the firearm enhancement, the court stated it had "consider[ed] everything" and repeatedly invited defendant's attorney to highlight any facts she thought were particularly salient. After hearing from the defense, the trial court asked the deputy district attorney if she

was "allowed to make any comments." When the deputy district attorney responded, "Submitted, your Honor," the court commented, "That's what I thought."[5]

The trial court ruled it would not strike the firearm enhancement (or the gang enhancement). The court explained that while it "appreciate[d]" defendant's efforts at rehabilitation, it found the circumstances of the crimes and defendant's history concerning. Relying on the probation officer's report, which indicated the video store had been burglarized by Frazier and two other suspects prior to the robbery/murder and been had been surveilled by Frazier on the day of the robbery/murder, the court stated the robbery "suggest[ed] a sophisticated technique." In addition, the court observed defendant was not a passive participant in the robbery: he criticized the accomplice's efforts at duct-taping the store's employees and then took over the task. The court also mentioned defendant participated with Frazier in the theft at the gasoline station and observed defendant had a prior conviction for possession of a firearm and a criminal record as a juvenile.

The court imposed a 30 years to life prison sentence: the upper term of five years for the robbery conviction plus 25 years to life for the associated firearm enhancement. (The court imposed a concurrent two-year term for the only other surviving

---

[5] Later, after discussing with defense counsel what weight the court should give to the prosecution's sentencing recommendations, the trial court asked the deputy district attorney if there was anything she wanted to add to the discussion. She said "no," and the court then said, "Let me rephrase that. Anything further you're allowed to comment about?" The Deputy District Attorney again said "no."

7

conviction, for grand theft, with three years tacked on for the gang enhancement.) The court awarded defendant a total of 1,395 days of presentence credit (which did not include any conduct credit for the period between defendant's arrest and his original sentencing).

## II.  DISCUSSION

Defendant's opening brief presents various contentions of sentencing error, but we need not decide any of those issues. The parties agree another resentencing is required in light of the intervening changes made by Senate Bill 567 that apply retroactively and preclude imposing an upper term sentence unless certain conditions have been met. We agree with the parties that the pertinent provisions of Senate Bill 567 apply retroactively because they are ameliorative in nature and apply to all non-final cases. We will therefore remand the matter so the trial court can resentence defendant anew under now-prevailing law.[6]

Though we agree defendant is entitled to another resentencing hearing, he has not demonstrated he is entitled to have a different judicial officer conduct that hearing. The record before us reveals no disregard for the statutory scheme, no partiality, no unusual personal involvement, and no improper

---

[6]     Defendant additionally maintains a remand for resentencing would be required because of changes in law made by Assembly Bill 124 and Senate Bill 81. Defendant is free to advance any arguments under prevailing law in the trial court, but we need not address the effect of these other enactments because we are remanding for a full resentencing.

8

motive on the part of the trial judge warranting that extraordinary remedy.

### A. *Remand Is Warranted in View of Senate Bill 567*

Senate Bill 567 was designed to create a "presumption of sentencing [judgment] not to exceed the middle terms, unless there are circumstances in aggravation of a crime that justify the imposition of the upper term." (Sen. Rules Com., Off. of Sen. Floor Analyses, Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) Sept. 8, 2021, p. 4; Sen. Com. on Public Safety, Analysis of Sen. Bill No. 567 (2021-2022 Reg. Sess.) April 8, 2021, p. 3 ["SB 567 creates a presumption of sentencing [judgment] not to exceed the middle terms, unless there are circumstances in aggravation of a crime that justify the imposition of the upper term"].) The legislation became effective on January 1, 2022, during the pendency of this appeal. (*People v. Garcia* (2022) 76 Cal.App.5th 887, 902 (*Garcia*).)

Section 1170 now provides that where, as here, "a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term" unless certain circumstances obtain. (§ 1170, subd. (b)(1).) Specifically, section 1170, subdivision (b)(2) provides that an upper term sentence may be imposed only "when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."

9

Because Senate Bill 567 limits a trial court's ability to impose a sentence beyond the middle term, it is ameliorative criminal legislation. There is no indication in either the language of Senate Bill 567 or its legislative history that the Legislature intended the ameliorative changes to apply prospectively only. Accordingly, we agree with the parties—and precedent (*Garcia, supra,* 76 Cal.App.5th 887, 902; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038-1039)—that Senate Bill 567's amendments apply retroactively to defendant. Because the trial court resentenced defendant to the upper term on the robbery conviction and, in the Attorney General's words, "relied upon factors in aggravation that were not admitted by [defendant] . . . or found to be true beyond a reasonable doubt," ~(RB 35)~ we will vacate defendant's sentence and remand for resentencing. (*Garcia, supra,* at 902-903 [reversing upper term sentence and remanding for resentencing in light of Senate Bill 567].)

> B. *There Will Be No Reassignment to a Different Trial Judge*

Code of Civil Procedure section 170.1, subdivision (c), provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." An appellate court must exercise its power to disqualify sentencing judges "'sparingly and only where the interests of justice require it.' [Citation.]" (*Peracchi v. Superior Court* (2003) 30 Cal.4th 1245, 1256; accord, *People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079 (*LaBlanc*).)

10

"Proper grounds for disqualification under Code of Civil Procedure section 170.1, subdivision (c), 'include "where a reasonable person might doubt whether the trial judge was impartial . . . ."'" (*LaBlanc, supra*, 238 Cal.App.4th at 1079.) Additionally, "[d]isqualification may be necessary where the sentence of the original judge indicates an animus inconsistent with judicial objectivity. It may also be called for where the judge's failure to follow the sentencing rules suggests a whimsical disregard of the sentencing scheme that is incompatible with a judicious effort to comply with its complex terms." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562 (*Gulbrandsen*).) "Mere judicial error," however, "does not establish bias and normally is not a proper ground for disqualification. [Citations.]" (*LaBlanc, supra*, at 1079; accord, *Gulbrandsen, supra*, 209 Cal.App.3d at 1562 [mere sentencing error did not "reflect a lack of objectivity implicating the interests of justice"].)

Defendant contends his case should be assigned to a different trial judge on remand because the one who presided over his resentencing "clearly demonstrated . . . disdain" for section 1172.6 (former section 1170.95) and the sentencing policies of the then-newly elected District Attorney. According to defendant, the trial court posed "sarcastic questions through the hearing" and engaged in a "wink-wink colloquy" with a "rogue" deputy district attorney about the new District Attorney's "unpopular" sentencing policies.

Defendant's contention of partiality and bias is not established by the record. Rather than showing disdain for section 1172.6, the record reveals the trial judge followed its procedures. After the People conceded defendant was eligible for resentencing (i.e., that he had made a "prima facie case for

11

relief"), the court set a resentencing hearing. Then, because there was a prior finding that defendant was not a major participant who acted with reckless indifference to human life, the court vacated defendant's murder conviction and resentenced him on the remaining counts. (§ 1172.6, subds. (d)(2) & (3).) Tellingly, defendant does not contend the trial judge erred with respect to the application of section 1172.6 in his case; he asserts only that the trial judge erred earlier in applying section 1172.6 in other defendants' cases.[7]

In addition, the trial court's resentencing did not exhibit an "animus inconsistent with judicial objectivity." (*Gulbrandsen*, *supra*, 209 Cal.App.3d at 1562.) After considering "everything," the court rendered a sentencing decision based on facts in the record: defendant was an active participant in the robbery, the robbery was not the first crime defendant had committed with Frazier, and defendant's juvenile record revealed a number of burglaries and attempted burglaries.

As for the trial court's purported disdain for the sentencing policies of the District Attorney, the record shows the court did not initiate a discussion of those policies; rather, the subject was first broached by defense counsel. The record also shows the court did not offer any sustained commentary about the wisdom of those policies (instead commenting, at most, on the binding

---

[7] In support of his argument, defendant cites to seven Court of Appeal opinions reversing the trial judge's denial of section 1172.6 petitions. Five of these opinions, however, are unpublished. Citation to unpublished opinions is prohibited except in very narrow circumstances, and those circumstances are not present here.

nature of the policies on the District Attorney's deputies). Moreover, the handful of assertedly problematic comments by the court that defendant identifies in his opening brief were apparently so unremarkable at the time that his counsel did not object to, or otherwise comment on, the court's remarks.

Finally, the record shows the trial court did not disparage defendant or his counsel; instead, the court complimented defendant for his efforts at rehabilitation and defendant's trial attorney for the quality of her advocacy on his behalf. Throughout the hearing, the court also repeatedly invited defense counsel to augment her written submissions with oral argument.

There is accordingly no cause here to reassign the matter to a different judge. (See, e.g., *People v. Crew* (1991) 1 Cal.App.4th 1591, 1609, fn. 13 ["[R]emand to a different judge is not warranted due simply to the possibility that one side or the other may feel unfairly treated"].)

## DISPOSITION

Defendant's sentence is vacated and the cause is remanded for resentencing in accordance with this opinion. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


BAKER, J.

I concur:



KIM, J.

13

*People v. Alvarez – 310157*

RUBIN, P. J. – Concurring:

I agree with the majority opinion's disposition of the appeal. I write separately to state my understanding that the majority does not address any of defendant's contentions on appeal regarding his sentencing. That includes defendant's contention that the court erred in denying his motion to strike the 25-years-to-life firearm enhancement. Instead, because of the passage of Senate Bill No. 567, the Court is remanding the matter for a new sentencing hearing. Because the majority opinion vacates the sentence and remands the matter, the trial court is required to consider anew, among other things, the imposition of the firearm enhancement.


RUBIN, P. J.