Filed 5/31/13  Lloyd v. Hardesty CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ANDREA LLOYD,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>NINA HARDESTY,<br><br>        Defendant and Appellant. | A135472<br><br>(Alameda County<br>Super. Ct. No. RG10524933) |

Nina Hardesty also known as Nina Wax (Wax) appeals from a restraining order invoking the provisions of the California Law Enforcement Telecommunications System (CLETS).  She contends that the trial court lacked sufficient evidence to issue a CLETS order.  We reverse and remand the matter for further proceedings.

We have previously set forth the facts underlying this matter in the parties' prior appeal, *Lloyd v. Hardesty* (January 12, 2012, A130306/A130308 [nonpub. opn.] (*Lloyd I*).  As set forth in that opinion, this case arose out of an acrimonious dispute between the parties who are neighbors.  (*Id.* at p. 1.)  The trial court entered a non-CLETS restraining order prohibiting Wax from harassing Lloyd or her daughter.  (*Id*. at pp. 4–5.)  In particular, the court's order provided that "(1)  Wax 'shall not make direct contact with [] Lloyd under any circumstances or conditions regarding [] Lloyd's daughter and the use of the property at [] Lloyd's residence unless done by written instrument'; (2) Wax 'may not water her plants so as to cause any water to spill over on to the property where [] Lloyd resides'; (3) Wax 'may not follow [] Lloyd or her daughter to any location'; (4) Wax 'may not use terms such as "nigger," while in earshot of [] Lloyd'; and (5) Wax 'shall not

1

refer to the "KKK," under any circumstances, whether she is speaking directly to [] Lloyd or musing to herself, when within earshot of [] Lloyd or her daughter.' " (*Id.* at p. 5.)

We determined that the court's order did not comply with Code of Civil Procedure,[1] section 527.6, not only because it was not issued on the mandatory Judicial Council form, but also because it was not otherwise legally sufficient. (*Id.* at p. 6.) We explained that section 527.6 was enacted to provide an expedited procedure for preventing harassment and that implicit in preventing that type of conduct was the need for law enforcement participation, which is reflected in the Judicial Council form for CLETS civil harassment restraining orders. (*Id.* at p. 6.)

We concluded that a CLETS order providing for law enforcement involvement was a crucial component of a restraining order under section 527.6, but that the court's order lacked that component. (*Lloyd I* at p. 7.) We further noted that our review of the court's order was made particularly difficult because the court failed to provide any explanation or court authority for its ruling that Lloyd was entitled to the non-CLETS order. (*Ibid.*) Finally, we concluded not only that the court's order was inconsistent as it appeared in parts to be a mutual restraining order and thus created problems of enforceability both as to how and as against whom it could be enforced, but it also suffered from problems of vagueness and overbreadth as to prohibited acts. (*Id.* at p. 8.)

We thus remanded the case to the trial court so that it could use the proper Judicial Council form and make a clear record of the source and scope of relief granted. (*Lloyd I* at p. 9.) We further reminded the trial court of the necessity of making a record supporting issuance of the order by finding "by clear and convincing evidence—that is finding a high probability—that unlawful harassment exists." (*Ibid.*, citation omitted.)

On remand, on April 13, 2012, the trial court issued a CLETS order on the correct Judicial Council form, but did not hold a hearing or make any findings by clear and convincing evidence to support issuance of the order. Instead, the court based the order on the hearing held on September 21, 2010, which this court had previously found to be

---

[1] All further statutory references are to the Code of Civil Procedure.

lacking of the requisite findings and the citation of any authority. (*Lloyd I* at p. 7.) Wax appeals, contending that the court's order lacks an evaluation of the factors for the issuance of a restraining order and is not based on clear and convincing evidence. We agree, and therefore again remand the matter to the trial court to hold a hearing, to make the requisite evaluation of the evidence, provide any reasoning for its ruling including any relevant authority, and set forth any findings made on clear and convincing evidence. As section 527.6, subdivision (i) provides, "[a]t the hearing, the judge shall receive any testimony that is relevant, and may make an independent inquiry. If the judge finds by clear and convincing evidence that unlawful harassment exists, an injunction shall issue prohibiting the harassment." (See *Schraer v. Berkeley Property Owners' Assn.* (1989) 207 Cal.App.3d 719, 732–733 [hearing under section 527.6 provides the only forum the defendant in a harassment proceeding will have to present case].)

In addition, we note that the CLETS order suffers from some of the same issues as the non-CLETS order the trial court previously issued as it is vague and overbroad in reference to Wax's speech. The order prohibits Wax from "us[ing] the term 'nigger' when referring to Plaintiff or her daughter." A prior restraint on speech is highly disfavored and presumptively violates the First Amendment. (See *Evans v. Evans* (2008) 162 Cal.App.4th 1157, 1167.) Hence, any injunction on speech must be narrowly drafted and sufficiently precise to meet constitutional requirements. (*Ibid*. [injunction unconstitutionally vague if it does not clearly define the persons protected and the conduct prohibited].)

The order is reversed and the matter is remanded for proceedings consistent with this opinion. The parties are to bear their own costs on appeal. We emphasize that in making this order we do not find in favor of either party with respect to their factual claims.

On our own motion and in the interests of justice, all further proceedings shall be heard before a judicial officer other than the judicial officer who issued the order we have just reversed. (Section 170.1 subd. (c); cf. *People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.)

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Humes, J.