Filed 12/16/22 P. v. Murray CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C096302 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2012-0010153, SF122358A) |
| v. | |
| DANIEL LEWIS MURRAY, | |
| Defendant and Appellant. | |

In 2013, a trial court sentenced defendant Daniel Lewis Murray to an indeterminate term of 65 years to life in prison, a sentence that included three five-year terms for prior serious felony convictions under Penal Code section 667, subdivision (a).[1] In 2021, the Department of Corrections and Rehabilitation (CDCR) recommended the trial court recall the sentence and resentence defendant, but the trial court declined the

---

[1]     Undesignated statutory references are to the Penal Code.

1

invitation. On appeal, defendant argues the trial court erred because it applied the wrong legal standard and asks us to remand the case and direct that it be assigned to a different judge. We will reverse and remand the matter for reconsideration, but conclude reassignment is unnecessary.

FACTUAL AND PROCEDURAL BACKGROUND

In 2013, a jury found defendant guilty of first degree burglary (§ 459), making a criminal threat (§ 422), and receiving stolen property. (§ 496, subd. (a).) The trial court sentenced defendant to a term of 65 years to life in prison, which included a 25-year-to-life term for the burglary count, a 25-year-to-life term for the criminal threat count, and three five-year terms for prior serious felony convictions under section 667, subdivision (a). The court imposed, then stayed, a 25-year-to-life sentence on the receiving stolen property count. On appeal, we ordered two separate prior serious felony conviction enhancements stricken, which did not change the sentence. (*People v. Murray* (Apr. 28, 2015, C074990) [nonpub. opn.].)

In December 2021, the CDCR sent a recommendation to the trial court that it resentence defendant under former section 1170, subdivision (d)(1).[2] In particular, the CDCR noted that, effective January 1, 2019, courts were authorized to use their discretion to strike prior serious felony enhancements under section 1385. Defendant filed a motion joining the recommendation.

The trial court denied the request to recall and resentence defendant in a hearing on May 23, 2022. The court explained defendant had a large number of prior convictions, stating: "[Defendant] has 21 prior first degree residential burglaries. The

---

[2]     Effective January 1, 2022, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) moved the recall and resentencing provisions of former section 1170, subdivision (d)(1) to section 1170.03, and made several changes to the statute. (Stats. 2021, ch. 719.) Effective June 30, 2022, section 1170.03 was renumbered section 1172.1. (Stats. 2022, ch. 58, § 9.)

question is, is the defendant an unreasonable risk of danger to public safety? Will he commit a new violent felony if he is released? I can say with no doubt that if he were released he would commit another burglary as soon as he got out within a week." The court noted defendant could not commit crimes while he was incarcerated, and stated, "If he were released, as I say, I believe he would commit a new offense very soon after his release. That's been his life, committing residential burglaries." The court concluded, "I think it would be an unreasonable risk of danger to public safety to release him except other than to keep him in for the maximum amount of time, and that includes the other three 667(a) priors that he was given." The court further elaborated, "I'm not going to strike anything. As I say, if anyone deserves three strikes treatment and 667(a) treatment, it is the defendant. And if he doesn't get the full sentence, then no one should. So what I would say is if the legislature wants people out of custody, all they have to do is pass a law saying that it has to be done. And if they do that, and it comes to me, I will follow the law. However, if I am given discretion, I will use my discretion, and in this case I'm going to say he should not be released."

DISCUSSION

I

*Recall and Resentencing*

Defendant argues the trial court abused its discretion when it denied the request to recall and resentence him because the court's finding that he was likely to commit another burglary did not show that he posed "an unreasonable risk of danger to public safety" as that phrase is defined in the resentencing statute. In particular, section 1170.18, subdivision (c) requires "an unreasonable risk that the [defendant] will commit" specific, enumerated felonies listed in section 667, subdivision (e)(2)(C)(iv). Because burglary is not among those felonies, the court's finding could not form the basis for denial of the request.

3

Section 1172.1, subdivision (a)(1) allows a trial court, at any time upon the recommendation of the CDCR, to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." In making such a decision, the statute permits the court to "consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.1, subd. (a)(4).) Most importantly here, the statute provides that where a recommendation to recall and resentence a defendant is made by the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of Section 1170.18." (§ 1172.1, subd. (b)(2).) Section 1170.18, subdivision (c) refers to an enumerated list of violent felonies in section 667, subdivision (e)(2)(C)(iv), which includes, among others, sexually violent offenses and homicide.

The People agree that remand for reconsideration of the CDCR's recommendation is appropriate. We agree with the parties.

Here, although the parties raised the presumption favoring recall and resentencing, the trial court determined defendant posed an "unreasonable risk of danger to public safety" because his history of residential burglaries indicated that "he would commit another burglary as soon as he got out within a week." Burglary, however, is not among the enumerated felonies in section 667, subdivision (e)(2)(C)(iv). Thus, the possibility that defendant could commit another burglary was not sufficient to overcome the

4

presumption in favor of resentencing. Accordingly, we will remand the matter for reconsideration of the CDCR's recommendation.[3]

## II

### *Reassignment of Judge*

Defendant contends the trial court judge in this case was dismissive of the CDCR's recommendations and disregarded the recall and resentencing scheme, and requests that we order the action assigned to a new judge under Code of Civil Procedure section 170.1, subdivision (c), which provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." We do not find that reassignment is necessary.

"[T]he statutory power of appellate courts to disqualify sentencing judges should be used sparingly and only where the interests of justice require it," such as "where the [action] of the original judge indicates an animus inconsistent with judicial objectivity" or "where the judge's failure to follow the sentencing rules suggests a whimsical disregard of the sentencing scheme that is incompatible with a judicious effort to comply with its complex terms." (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562.) "An appellate court need not find actual bias in order to invoke Code of Civil Procedure section 170.1, subdivision (c). [Citation.]" (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079.) "Mere judicial error does not establish bias and normally is not a proper ground for disqualification. [Citations.]" (*Ibid.*)

---

[3] Because we remand the matter on this basis, we need not reach defendant's arguments regarding the consideration of his criminal history and other postconviction factors.

Here, although the judge ultimately did not apply the statute correctly, his analysis reflected a careful consideration of the facts and evidence before him. The judge entertained argument from the parties before taking the matter under submission. The judge then entertained another round of arguments from defense counsel and explained that he had reviewed the documents attached to the CDCR's letter detailing defendant's postconviction activities. The judge also reviewed his notes from defendant's trial covering the facts of the case. The judge discussed defendant's criminal history and the arguments made in the parties' briefing. He also recognized the recall and resentencing scheme and his discretion to strike defendant's enhancements for prior strikes. Finally, he expressed a willingness to follow the law as passed by the Legislature, should it disagree with his current conclusions. The judge's decision to decline to exercise his discretion was based not on animus or whimsical disregard of the recall and resentencing scheme, but rather on the arguments and evidence before him. Even if he misunderstood the application of section 667, subdivision (e)(2)(C)(iv), the judge's application of the law was fair and objective. Given the clarification of the statute as detailed above, we are confident the judge will continue to apply the recall and resentencing procedures fairly and objectively, open-minded to the possibility the newly clarified procedures may lead him to a different conclusion. As to that outcome, we express no opinion.

## DISPOSITION

The order declining to recall and resentence defendant is reversed. The matter is remanded for reconsideration of the CDCR's recommendation to recall and resentence

defendant, in accordance with section 1172.1. Defendant's request for assignment to a different judge is denied.

                                        KRAUSE                    , J.

We concur:

        MAURO                    , Acting P. J.

        BOULWARE EURIE , J.

7