Filed 12/30/22  P. v. Diaz CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B313714 |
| Plaintiff and Respondent, | Los Angeles County Super. Ct. No. BA387967 |
| v. | |
| DONIVAN DIAZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, George G. Lomeli, Judge. Reversed and remanded with directions.

John A. Colucci, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Marc A. Kohm, William H. Shin, and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 2014, a jury convicted Donivan Diaz and two codefendants of first degree murder and found true felony-murder special circumstance allegations that the murder occurred during a robbery and a burglary (Pen. Code,[1] § 190.2, subd. (a)(17)). The jury's verdicts did not determine which defendant was the actual killer. The court sentenced Diaz to life in prison without the possibility of parole.

After we affirmed his conviction, Diaz filed a resentencing petition under section 1172.6.[2] The trial court denied the petition without issuing an order to show cause, finding that based on the jury's felony-murder special circumstance findings and the facts of the case, Diaz was a major participant in the underlying felonies who acted with reckless indifference to human life. The court concluded Diaz was ineligible for relief as a matter of law.

Diaz appeals the court's order denying his resentencing petition, arguing, among other things, the court erred in finding the felony-murder special circumstance findings rendered him ineligible for relief as a matter of law. After Diaz filed his appeal, the California Supreme Court decided *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), holding that a felony-murder special circumstance finding made before the court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) does not render a petitioner ineligible for relief as a matter of law under section 1172.6.

In light of *Strong*, the People concede the court erred in denying Diaz's petition. We agree. Because Diaz made a prima facie showing of entitlement to relief, we remand the matter with

---

[1] All undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.)

directions for the court to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d)(3).

## BACKGROUND[3]

In 2011, Diaz and codefendants Octivan Moore and Michael Onley committed a residential burglary and robbery during which one of them shot and killed the victim. The victim was found dead a few days later with his hands and feet bound and seven gunshot wounds: four to the back of his head, one to his neck, and two to his legs.

Diaz, Moore, and Onley were charged with murder (§ 187, subd. (a)). As to each defendant, the information alleged he committed the murder while engaged in the crimes of robbery and burglary (§ 190.2, subd. (a)(17)). The information further alleged that a principal personally and intentionally discharged a firearm in the commission of the murder (§ 12022.53, subds. (d) & (e)(1)) and that each defendant committed the murder for the benefit of, at the direction of, and in association with, a criminal street gang (§ 1192.7, subd. (c)(28)).

In 2014, Diaz and the other defendants were tried together by a single jury. As to each defendant, the jury found him guilty of murder and found true the felony-murder special circumstance allegations and the firearm allegation. The jury found not true the gang allegation as to each defendant. The court sentenced each defendant to a term of life in prison without the possibility of parole.

We affirmed Diaz's conviction.

---

[3] A more detailed summary of the facts giving rise to Diaz's conviction can be found in our nonpublished prior opinion in *People v. Diaz, et al.* (Apr. 15, 2016, B258629).

In 2015 and 2016, the California Supreme Court decided *Banks* and *Clark*, respectively, which clarify when an aider and abettor of a felony murder may be sentenced to life in prison without the possibility of parole under section 190.2. (*Banks, supra*, 61 Cal.4th at p. 794; *Clark, supra*, 63 Cal.4th at pp. 609–610.) *Banks* identified a nonexhaustive set of factors for determining if the defendant was a major participant in the underlying felony, and *Clark* provided a similar set of factors for determining if the defendant acted with reckless indifference to human life. (*Banks*, at p. 803; *Clark*, at pp. 619–623.)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) (S.B. 1437), changing, among other things, the definition of felony murder and creating a procedure for vacating convictions that predate the amendment and could not be sustained under the new law. (Stats. 2018, ch. 1015, § 4.)

In 2020, Diaz petitioned for resentencing under section 1172.6. Diaz alleged: (1) he had been convicted of first or second degree murder under a felony murder or natural and probable consequences theory; (2) he was not the actual killer; (3) he did not, with the intent to kill, aid and abet the actual killer; (4) he was not a major participant in the underlying felony or did not act with reckless indifference to human life; and (5) he could not be convicted of murder under a currently valid theory. Diaz asked the court to appoint him counsel, which the court did.

The People initially opposed Diaz's petition, arguing the jury's felony-murder special circumstance findings rendered him ineligible for relief as a matter of law. At the very least, the People argued, the facts established Diaz was a major participant in the underlying robbery and burglary and acted with reckless indifference to human life under the standards discussed in *Banks* and *Clark*. In a supplemental brief, the People withdrew the arguments made in their initial opposition and conceded that

4

Diaz was entitled to an evidentiary hearing under section 1172.6, subdivision (d). According to the People, the jury's felony-murder special circumstance findings made before *Banks* and *Clark* were decided did not preclude Diaz from making a prima facie showing of entitlement to relief under section 1172.6.

In 2021, the court held a hearing at which Diaz's counsel, but not Diaz, was present. The court denied Diaz's petition without issuing an order to show cause. Although the court found the petition was facially sufficient, it concluded Diaz was ineligible for relief as a matter of law because the jury found he was a major participant in the underlying felonies who acted with reckless indifference to human life when it sustained the felony-murder special circumstance findings. The court also found the evidence established that, under the standards discussed in *Banks* and *Clark*, Diaz was a major participant in the underlying felonies who acted with reckless indifference to human life.

Diaz appeals the court's denial of his resentencing petition.

## DISCUSSION

### 1.     S.B. 1437 and Section 1172.6

S.B. 1437 limited accomplice liability under the felony murder rule and eliminated the natural and probable consequences doctrine to ensure a person's sentence is commensurate with his or her culpability. (*People v. Gentile* (2020) 10 Cal.5th 830, 842–843.) Now, the felony murder rule applies only if the defendant: (1) was the actual killer; or (2) with the intent to kill, aided and abetted the actual killer's commission of murder; or (3) acted as a "major participant" in a felony listed in section 189 and acted with "reckless indifference to human life." (§ 189, subd. (e), as amended by Stats. 2018, ch. 1015, § 3; § 188, subd. (a)(3), as amended by Stats. 2018, ch. 1015, § 2.)

5

S.B. 1437 also added section 1172.6, which provides people who have been convicted of murder under one of the now-invalid theories the opportunity to petition for resentencing. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) A petitioner is eligible for relief under section 1172.6 if (1) the complaint or information allowed the prosecution to proceed under a felony murder theory; (2) the petitioner was convicted of murder "following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted" of murder; and (3) the "petitioner could not presently be convicted" of murder "because of changes to Section 188 or 189." (§ 1172.6, subd. (a).)

If the petitioner files a facially sufficient petition, the court must appoint counsel. (§ 1172.6, subd. (b)(3).) Additionally, if the petitioner makes a prima facie showing of entitlement to relief, the court must issue an order to show cause (*Id.*, subd. (c)) and hold an evidentiary hearing at which the prosecution must prove "beyond a reasonable doubt[ ] that the petitioner is guilty of murder or attempted murder" under the law as amended by Senate Bill 1437. (*Id.*, subd. (d)(3)).

Whether a petitioner has made a prima facie showing of entitlement to relief under section 1172.6 is a " 'purely legal conclusion, which we review de novo.' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

## 2. Diaz is entitled to an evidentiary hearing.

Diaz contends, and the People concede,[4] that the court erred when it found the jury's pre-*Banks* and *Clark* felony-murder special circumstance findings rendered him ineligible for

---

[4] Because *Strong* was decided while this appeal was pending, we asked the parties to submit supplemental briefs addressing *Strong*'s relevance to this appeal.

relief as a matter of law under section 1172.6. We agree with the parties.

In *Strong*, the Supreme Court held that felony-murder special circumstance findings made before *Banks* and *Clark* were decided "do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437." (*Strong*, *supra*, 13 Cal.5th at p. 710.) The Supreme Court also held that a court's independent examination of the record and determination that sufficient evidence supports a finding that had the defendant been tried under the standards discussed in *Banks* and *Clark*, he was a major participant who acted with reckless indifference to human life cannot "suppl[y] a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Id.* at p. 720.)

It is undisputed that Diaz's felony-murder special circumstance findings predate *Banks* and *Clark*. Thus, those findings do not render Diaz ineligible for relief under section 1172.6. Additionally, the court erred by determining, at the prima facie stage, that Diaz was ineligible for relief because the evidence showed he was a major participant in the underlying felonies who acted with reckless indifference to human life under the standards discussed in *Banks* and *Clark*. (See *Strong*, *supra*, 13 Cal.5th at p. 720 ["such a determination would entail factfinding prohibited at the prima facie stage"].) "And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing. [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place." (*Ibid.*)

Because nothing in the record establishes Diaz is ineligible for relief as a matter of law, the matter must be remanded for the

7

court to issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d)(3).

### 3. Disqualification of the trial judge is not warranted.

Diaz asks us to disqualify Judge George G. Lomeli and transfer the matter to a new judge on remand. Code of Civil Procedure section 170.1, subdivision (c) provides: "At the request of a party or on its own motion an appellate court shall consider whether in the interests of justice it should direct that further proceedings be heard before a trial judge other than the judge whose judgment or order was reviewed by the appellate court." An appellate court must exercise its power to disqualify a judge "sparingly" (*People v. LaBlanc* (2015) 238 Cal.App.4th 1059, 1079), such as when the judge "indicates an animus inconsistent with judicial objectivity" or exhibits a "whimsical disregard" of the applicable law (*People v. Gulbrandsen* (1989) 209 Cal.App.3d 1547, 1562).

According to Diaz, Judge Lomeli "ignored the plain language of pertinent statutes, proceeded without the presence of [Diaz], and ignored the concessions of the opposing party. It appears the trial court has prejudged the issue and has certainly already judged the issue once. There may be an inherent bias to reach a similar conclusion on remand." We deny Diaz's request to disqualify Judge Lomeli.

At the time the court considered Diaz's petition, there was a split of authority on the primary issue in this appeal—i.e., whether a felony-murder special circumstance finding made before *Banks* and *Clark* were decided serves as a categorical bar to resentencing relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at pp. 709–710.) Before the Supreme Court decided *Strong*, several appellate courts held that pre-*Banks* and *Clark* felony-murder special circumstance findings "categorically preclude relief unless they have been vacated or set aside on

8

direct appeal or collateral review." (*Id.* at p. 709.) Other courts "concluded that pre-*Banks* and *Clark* findings do not pose a categorical bar but may foreclose relief if a court determines that sufficient evidence supports the findings under the *Banks* and *Clark* standards." (*Ibid.*) Accordingly, published authority supported the court's rationale at the time it denied Diaz's petition. In other words, the court's ruling was reasonable and supported by case law at the time it was made. Additionally, nothing in the record indicates the court's decision to conduct the hearing on Diaz's petition with defense counsel, but not Diaz, present was motivated by any animus against Diaz.

After reviewing the record, we are confident Judge Lomeli will proceed in an impartial manner on remand. Diaz's request to disqualify Judge Lomeli is therefore denied.[5]

---

[5] Because we reverse the court's order denying Diaz's petition and remand the matter for further proceedings under section 1172.6, we need not address the other claims of error raised in Diaz's opening brief.

9

## DISPOSITION

The order denying Diaz's resentencing petition is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing under section 1172.6.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

RICHARDSON (ANNE K.), J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

10